■ EDITH RIVERS, Respondent, v ISH KUMAR, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries due to medical malpractice, the defendant Ish Kumar appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Berman, J.), entered August 14, 1984, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $750,000.

Judgment affirmed, insofar as appealed from, with costs.

On November 12, 1975, the appellant Dr. Ish Kumar, a neurosurgeon, performed an operation termed a "decompressive cervical laminectomy and foraminotomy" upon the plaintiff Edith Rivers, who was then 46 years of age. It is undisputed that as a result of this surgery, the plaintiff suffered damage to the long tract of her spinal cord. The plaintiff claimed that the appellant was negligent in performing unnecessary surgery which resulted in the permanent injury of her right leg, requiring her to use a walker. The appellant maintains that the damage to the plaintiff's spinal cord was a known risk of this type of surgery.

During the trial of this action, the parties presented the testimony of expert witnesses whose opinions conflicted as to the necessity for surgery in the plaintiff's case. It was undisputed, however, that according to accepted standards of medical practice, a myelogram should be performed prior to surgery in cases such as the plaintiff's. The appellant claimed that the plaintiff refused to undergo this test and agreed to undergo the surgery without having the test performed. The

plaintiff denied that the appellant ever mentioned anything to her about a myelogram and the hospital records contained no notation indicating her refusal to submit to such test.

Contrary to the appellant's position at trial, the plaintiff's expert witness, Dr. Larry Schenck, a neurologist, testified that based upon his review of the plaintiff's hospital records, his opinion was that a reasonable medical practitioner would not have performed the operation upon the plaintiff. Dr. Schenck based his opinion upon several factors including the appellant's conclusion that the plaintiff was a poor surgical risk, that there was nothing in the hospital record before the surgery to indicate that she suffered from any spinal cord compression, and that no myelogram was performed.

Following deliberations, the jury, in responding to the first interrogatory, found that the appellant was negligent in performing the November 12, 1975 surgery and that such negligence was the proximate cause of the plaintiff's injuries.

On this appeal, the appellant contends that the jury's verdict on this issue was against the weight of the evidence. We disagree. It cannot be said that the preponderance of the evidence was so great that the jury could not have found the appellant negligent in performing the operation under any fair interpretation of the evidence (see, Lee v Lesniak, 40 AD2d 756). Issues concerning the credibility of the witnesses and the weight to be given to the evidence are for the jury to determine. In this case, we find no basis to disturb the jury's verdict.

As to the appellant's contention concerning the alleged inconsistency in the jury's verdict based upon its responses to the interrogatories, the appellant failed to raise this issue before the trial court prior to the discharge of the jury, and the issue was thus not properly preserved for our review (Barry v Manglass, 55 NY2d 803, 806).

Finally, nothing in the record indicates that the award in the plaintiff's favor was unfair or unconscionable. Accordingly, we conclude that interference with the jury's assessment of damages is unwarranted (see, Torro v Altman, 97 AD2d 819). Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.