■ MICHAEL FROESE et al., Respondents, v JEFFREY DE VITO et al., Appellants. (Action No. 1.) JANET ALFIERI et al., Respondents, v A-DRIVE CORP. et al., Appellants. (Action No. 2.)—In

two negligence actions to recover damages for personal injuries, etc., which were tried jointly before a jury, the defendants appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated January 10, 1986, which, upon the plaintiffs' motions, set aside the jury verdict which was in favor of the defendants and against them.

Order reversed, on the law and as an exercise of discretion, without costs or disbursements, motions denied, verdict reinstated, and matter remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The instant actions arose out of an accident between two vehicles: a van driven by the defendant De Vito, in which Michael Froese, the infant plaintiff in action No. 1, was a passenger, and a car driven by Anthony Camarda, a plaintiff in action No. 2, in which Janet Alfieri, the coplaintiff in action No. 2, was a passenger. The accident took place at the intersection of Route 25A and Park Avenue in Huntington at about 7:00 P.M. on July 21, 1983. The witnesses agree that it had been raining for some time prior to, and was raining at the time of, the accident. De Vito testified that as he approached the intersection in the westbound lane he was traveling at a speed of 20 to 25 miles per hour. His van began to slide to the left, toward the eastbound lane. De Vito pumped the brakes, and tried to steer the van into the skid to control the van and avoid the car operated by Camarda which was in the intersection, but these efforts were fruitless, and he collided with the car operated by Camarda which had stopped, or had almost stopped in the intersection.

Camarda and Alfieri testified that they were proceeding eastbound through the intersection when they saw the van driven by De Vito, which was traveling at about 40 miles per hour, partially cross over into their lane. Their car was traveling about 25 miles per hour. When he saw the van, Camarda applied his brakes and veered to the right. The car stayed under control, and it was almost stopped when the van hit the car's front end. The plaintiff Michael Froese testified he believed the van he was riding in was traveling 40 miles per hour.

The jury returned a unanimous verdict finding that De Vito was not negligent. The plaintiffs moved to set aside the verdict as being against the weight of the evidence, which motion the trial court granted.

On the present appeal, this court is called upon to review the conclusion reached by the trial court, which attempted to

"balance the great deference to be accorded to the jury's conclusion against the court's own obligation to see that the jury's interpretation of the evidence was fair" *(Nicastro v Park,* 113 AD2d 129, 137). While the trial court's decision to exercise its discretion and order a new trial must be accorded great respect *(Nicastro v Park, supra),* the present case presented a sharp question of fact as to the speed of De Vito's van and an issue of credibility as to De Vito's explanation of the accident, questions which are traditionally left to the trier of fact *(see, Barnet v Cannizzaro,* 3 AD2d 745). The jury reached its verdict on a fair interpretation of the evidence *(Nicastro v Park, supra,* at p 134), and the record is not so replete with evidence of negligence that the trial court was warranted in setting aside the verdict in the exercise of its discretion *(Nicastro v Park, supra,* at p 137). In weighing the plaintiffs' evidence concerning the defendants' negligence against De Vito's explanation of the accident and the deference to be given the jury's reaction to what it saw and heard *(Nicastro v Park, supra,* at p 138), we conclude that the trial court abused its discretion in setting aside the verdict as against the weight of the evidence. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.