■ Michael A. Pannetta, an Infant, by His Father and Natural Guardian, Louis Pannetta, et al., Respondents, v Christa Ramo, Appellant.—In an automobile negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (DiPaola, J.), dated June 15, 1987, which granted the plaintiffs' motion to set aside a jury verdict in her favor and granted a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

This action arose out of an accident which occurred on June 17, 1982, when the plaintiff Michael Pannetta, who was riding a moped, was struck by the defendant's automobile at an uncontrolled "T" intersection in Elmont. At the trial, the plaintiff Michael Pannetta testified that he made an unsignaled left turn from Jackson Avenue onto Reegan Street and that his view to the left was totally obstructed by a tree. He also stated that immediately before making the turn he passed his companion Paul Jorge on the right. The plaintiffs' expert witness testified that the defendant was traveling at a speed of not less than 35 miles per hour.

The defendant claimed that she was traveling at approxi-

mately 25 to 30 miles per hour. When she was 1½ car lengths from the intersection, she observed Michael Pannetta and Paul Jorge on what appeared to be minibikes about 2 car lengths from the intersection. According to the defendant's testimony, Michael Pannetta sped up, crossed in front of Paul Jorge, and made a shallow left turn running head-on into her vehicle. The defendant further testified that she applied her brakes as soon as she observed Michael Pannetta, but that she did not sound her horn.

The jury returned a verdict finding the defendant was not negligent. The trial court granted the plaintiffs' motion to set aside the verdict as being against the weight of the evidence and granted a new trial pursuant to CPLR 4404 (a). This appeal by the defendant ensued.

We find that the trial court improperly set aside the verdict as against the weight of the evidence. While the trial court's decision must be accorded great respect (see, Nicastro v Park, 113 AD2d 129), the instant case presented a sharp question of fact as to the speed of the defendant's vehicle and an issue of credibility as to the defendant's explanation of the accident, questions which are traditionally left to the trier of fact (see, Froese v De Vito, 123 AD2d 305). Resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are matters peculiarly within the province of the jury (see, Norfleet v New York City Tr. Auth., 124 AD2d 715, lv denied 69 NY2d 605). Here, the jury reached its verdict on a fair interpretation of the evidence (see, Nicastro v Park, supra, at 134), and the record is not so replete with evidence of negligence that the trial court was warranted in setting aside the verdict (see, Nicastro v Park, supra, at 137). Kunzeman, J. P., Kooper, Spatt and Balletta, JJ., concur.