■ PEGGYANN C. ANDERSON et al., Respondents-Appellants, v STEPHEN M. DONIS, D.P.M., P. C., et al., Appellants-Respondents.—In an action to recover damages based on podiatric malpractice, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 27, 1987, as, upon a jury verdict in the principal sum of $75,000, is in favor of the plaintiffs and against them in the principal sum of $37,500, and the plaintiffs cross-appeal from so much of the same judgment as granted the defendants' posttrial motion to "reduce" the verdict and awarded the plaintiff Peggyann C. Anderson damages in the amount of $35,000 and George W. Anderson damages in the amount of $2,500.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the trial court's ruling granting that branch of the defendants' posttrial motion which was to "reduce" the verdict is vacated, that branch of the motion is deemed to be one to set aside the jury's verdict as to damages on the ground that it is excessive, that branch of the motion is granted and a new trial is granted on the issue of damages only, unless the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages in favor of the plaintiff Peggyann C. Anderson to the principal sum of $25,000 for long-term disability and $10,000 for short-term suffering and discomfort, and in favor of the plaintiff

George W. Anderson to the principal sum of $2,500, and to the entry of a judgment accordingly; the plaintiffs' time to serve and file their stipulation is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry; in the event that the plaintiffs so stipulate, then the judgment is affirmed, without costs or disbursements.

After hearing the defendant podiatrist's advertisement on the radio, the plaintiff Peggyann Anderson went to his office to have a callous removed on June 14, 1983. At her next appointment, the defendant podiatrist informed Peggyann that X rays had revealed a "calcium build-up" in the toes on both of her feet and that a simple procedure involving the puncturing of tiny pinholes in each of her toes to drain the calcium should be performed. The defendant podiatrist further informed her that the procedure was painless and that she would be able to resume her normal activities immediately. Peggyann signed a consent form and the procedure was performed. After experiencing severe pain, she returned to the defendant podiatrist's office the following day. When she asked why the callous was still on her foot, the defendant podiatrist told her that he was providing her with total foot care and had performed a tenotomy, the cutting of the tendons.

Peggyann maintains that she was never informed that a tenotomy was to be performed nor did she consent to such procedure. She claims that as a result of the defendant podiatrist's negligence, she has continued to suffer pain and loss of movement and sensation in her toes and that her injuries have forced her to restrict her normal activities.

During the trial of this action, the parties presented the testimony of expert witnesses whose opinions conflicted as to the necessity for the tenotomy procedure in the plaintiff's case. Following deliberations, the jury concluded that the defendant podiatrist was negligent in his treatment of the injured plaintiff and that this negligence was a proximate cause of that plaintiff's injury. The jury found that other areas of treatment should have been pursued before surgery and that the plaintiff had not given an informed consent to the procedure. The trial court denied that branch of the defendants' motion which was to set aside the verdict, but granted that branch of the motion which was to reduce the total amount of damages awarded by the jury from $75,000 to $37,500.

On this appeal, the defendants contend that the plaintiffs' experts should have been precluded from testifying at the trial since they were unfamiliar with the techniques of the

defendant podiatrist. Since defense counsel failed to object to the qualifications of these experts or to their testimony at trial, that contention has not been preserved for our review. In any event, the defendants' contention is without merit. The court did not improvidently exercise its discretion in permitting the plaintiffs' experts, an orthopedic surgeon and a podiatrist, both of whom had performed tenotomies during their careers, to testify as experts in the field of podiatry since the subject matter involved information beyond the ordinary knowledge and experience of the trier of facts (see, De Long v County of Erie, 60 NY2d 296; Matott v Ward, 48 NY2d 455; Selkowitz v County of Nassau, 45 NY2d 97; Meiselman v Crown Hgts. Hosp., 285 NY 389).

The defendant podiatrist further maintains that the jury's verdict finding him negligent for performing the procedure in question was against the weight of the evidence. We disagree. It cannot be said that the jury could not have found the defendant podiatrist negligent in performing the procedure under any fair interpretation of the evidence (see, Rivers v Kumar, 118 AD2d 691; Nicastro v Park, 113 AD2d 129). Issues concerning the credibility of the witnesses and the weight to be given to the evidence were for the jury to determine (Rivers v Kumar, supra).

However, we find that it was error for the trial court to reduce the verdict on the issue of damages and to have the sum so fixed stand as the jury's verdict. This constituted a usurpation by the court of the function of the jury to assess damages. Proper procedure required that the trial court direct a new trial on the issue of damages, unless the plaintiffs stipulated to reduce the verdict by the amount the trial court found to be excessive (CPLR 4404 [a]; Kupitz v Elliott, 42 AD2d 898, lv denied 33 NY2d 519; Ferro v Maline, 31 AD2d 779). We therefore reverse in order to properly implement the decision of the trial court and at the same time preserve the right to have a jury pass on the issue of damages anew if the plaintiffs do not stipulate to accept the reduced amounts. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.