■ TANIA STUTMAN et al., Respondents, v DOUGLAS ORTEL et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated November 16, 1987, which granted the plaintiffs' motion to set aside a jury verdict in the defendants' favor and granted a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiffs' motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment.

This action arises out of a motor vehicle accident which occurred at the intersection of Little Tor Road and Phillips Hill Road. The plaintiff Tania Stutman (hereinafter the plaintiff) and her daughter, Shawn Stutman, testified that they were traveling southbound on Little Tor Road when the traffic light at the intersection turned green. As they approached the intersection, the vehicle driven by the defendant Douglas Ortel (hereinafter the defendant), which was traveling westbound on Phillips Hill Road, drove in front of the plaintiff's vehicle. They further testified that Ortel then made a U-turn in the intersection and as he came around, he struck the plaintiff's automobile.

The defendant, on the other hand, testified that he was traveling southbound on Little Tor Road ahead of the plaintiff's motor vehicle. Although he initially had his right directional signal activated, he changed his directional signal,

approximately two car lengths before the intersection, to indicate his intention of turning left onto Phillips Hill Road. The passenger in the defendant's automobile, Pamela Hade, however, testified that the defendant put on his right directional signal 150 feet from the intersection and then immediately switched to his left directional signal. The defendant further testified that after he completed his left-hand turn, the plaintiff skidded into him.

The jury returned a verdict finding that the defendant was not negligent. The trial court granted the plaintiffs' motion to set aside the verdict as against the weight of the evidence, finding that the defendant had to be found negligent because he testified that he did not activate his directional signal within 100 feet from the intersection as required by Vehicle and Traffic Law § 1163 (b).

We find that the trial court improperly set aside the verdict as against the weight of the evidence. Although the defendant admitted that he failed to put on his directional signal within 100 feet of the intersection, the jury could have inferred from Hade's testimony that the defendant had in fact activated his directional signal a sufficient distance from the intersection. Resolution of issues of credibility of witnesses and the accuracy of their testimony are matters peculiarly within the province of the jury (see, Pannetta v Ramo, 138 AD2d 686, 687). Even if the defendant did not signal his turn a proper distance from the intersection, the jury still could have found, based on the defendant's testimony, that the collision occurred after he completed his turn and when the plaintiff skidded uncontrollably into his vehicle. Therefore, it could be reasonably concluded that the fact that the defendant failed to put on his directional signal earlier was not the proximate cause of the accident (see, Schneider v Railway Express Agency, 230 App Div 404). Rather, the jury could have found that it was the plaintiff's inattentiveness in not seeing the defendant ahead of her that was the proximate cause of the collision. Since the jury's verdict in favor of the defendant could have been arrived at based on a fair interpretation of the evidence, the trial court erred in vacating the verdict (see, Nicastro v Park, 113 AD2d 129). Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.