■ SANDY BUCHBERGER, Appellant, v CLARICE BARRACK et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Velsor, J.), dated July 11, 1988, which, upon a jury verdict, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, with costs.

On the morning of August 26, 1985, the plaintiff was riding her bicycle north on the east shoulder of Route 107 approaching a traffic signal at the intersection of Columbia Drive and Route 107 on Long Island. According to the plaintiff, the traffic on Route 107 was heavy and had come to a halt as she neared the intersection. The plaintiff further testified that as she proceeded into the intersection with the light in her favor, she was struck by the front fender of the defendant Barrack's automobile and thrown onto its hood. The defendant Barrack, however, testified that she entered the intersection from Columbia Drive to the west with the light in her favor, traversing the six north- and southbound lanes of Route 107 prior to the occurrence of the accident on the east side of Route 107. The defendant Barrack further testified that the plaintiff suddenly appeared in the intersection against the light and cycled into her automobile, striking the right-side fender above the wheel.

The case was subsequently submitted to the jury, which rendered a verdict in favor of the defendants. The plaintiff's motion to set aside the verdict as against the weight of the evidence was denied. The plaintiff now appeals, arguing that the court erred in denying her motion. We disagree.

Contrary to the plaintiff's contentions, the Supreme Court properly denied her motion to set aside the verdict as against

the weight of the evidence. A jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict rendered by any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Passanante v Snyder, 142 AD2d 669; Nicastro v Park, 113 AD2d 129; cf., Pannetta v Ramo, 138 AD2d 686). Here, the conflicting testimony adduced at trial created sharp questions of fact regarding, inter alia, the traffic conditions existing at the time of accident and the manner in which the impact between the plaintiff and the defendant Barrack occurred—questions which are traditionally left to the trier of fact (see, Pannetta v Ramo, supra, at 687).

Questions regarding the credibility of the parties—a paramount issue here—are matters peculiarly within the province of the jury (see, Anderson v Donis, 150 AD2d 414; Pannetta v Ramo, supra; Norfleet v New York City Tr. Auth., 124 AD2d 715; Rivers v Kumar, 118 AD2d 691). In short, the record discloses that the jury reached its verdict on a fair interpretation of the evidence. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.