■ EMILIO QUINES, III, et al., Respondents, v GLORIA OSTRANDER et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Mazzei, J.), entered July 22, 1988, which granted the plaintiffs' motion to set aside a jury verdict pursuant to CPLR 4404 (a) and granted a new trial.

Ordered that the order is reversed, on the law, without costs or disbursements, the jury verdict in favor of the defendants is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

Under the circumstances of this case, we conclude that the trial court improperly set aside the jury verdict in favor of the defendants as against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). The undisputed testimony at the trial established that when the defendant driver saw a group of children playing on the sidewalk or near the curb she slowed down, pulled her car over to the other side of the road and beeped her horn two or three times. It was not until after she had passed the group that she heard a thud, which was apparently the infant plaintiff hitting the right rear side of her car. The plaintiffs were not able to offer the trial testimony of anyone who had actually seen the accident occur. Although the defendant driver's testimony, which was taken nine years after the accident occurred, did contain some minor inconsistencies, it cannot be said that a verdict in favor of the defendants could not have been reached upon any fair interpretation of the evidence (see, Nicastro v Park, supra, at 134). On this record, we conclude that the jury verdict in favor of the defendants should not have been set aside, "for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, supra, at 133). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.