■ LYNN PATTI et al., Appellants, v DOROTHY M. FENIMORE et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated March 23, 1990, which is in favor of the defendants and against them, upon a jury verdict, after a trial limited to the issue of liability.

Ordered that the judgment is affirmed, with costs.

Some time during the afternoon of June 20, 1987, an automobile operated by the plaintiff Lynn Patti and an automobile operated by the defendant Frank Fenimore collided at the intersection of Central Avenue and Green Avenue in the Village of Lynbrook. The intersection was controlled by a yield sign in the defendant operator's direction. After a jury trial on the liability issue, a verdict was rendered in favor of the defendants. The Trial Judge denied the plaintiffs' application to set aside the verdict. The plaintiffs claim that the jury verdict was against the weight of the evidence. We disagree.

The plaintiff Lynn Patti testified that late in the afternoon of June 20, 1987, she was driving her 1982 Monte Carlo down Central Avenue, a two-way street located in a residential area, at a rate of about 15 to 20 miles per hour. She further testified that as she proceeded through the intersection of Central Avenue and Green Avenue, the front of the defendants' vehicle struck the front right passenger side of her vehicle and that the back of her vehicle then "tapped" the back of the defendants' vehicle. According to her, the impact caused her vehicle to spin and wind up on the left-hand side of the street. Her vehicle was "totaled" after the accident. She stated that she had not seen the defendants' car at any time prior to the collision. There were no traffic signs or lights controlling her direction of traffic, and it was a sunny day.

On cross-examination, Lynn Patti testified that while she was traveling on Central Avenue, she did not check her speedometer. She also testified that she was looking straight ahead the entire time, that she did not remember whether she had looked to her right or left before she reached the intersection, that she never saw the defendant's car coming from the right, and that the first she knew that she was involved in an accident was when her car was hit. She did not slow down before entering the intersection. Photographs taken of the plaintiffs' car after the accident showed that the hood was pushed up due to the accident.

The defendant Frank Fenimore was traveling on Green Avenue. He testified that he had stopped his vehicle at the yield sign facing him as he approached the intersection with Central Avenue, waited for about 10 to 15 seconds, and looked both ways approximately two to three times. He stated that the view to his left was blocked by a van, although he "could see down the street from the back of the van". The only area he could not see was the roadway directly adjacent to the van. He then slowly accelerated his vehicle to about 5 to 10 miles per hour, looked, and proceeded through the intersection "with caution". He was "three-quarters of the way through" the intersection when the rear driver's side of his vehicle was struck by the plaintiffs' vehicle. He testified that he never saw the plaintiffs' vehicle before the impact and that there was only one impact. The impact caused his vehicle to spin and hit a street sign. On cross-examination, Mr. Fenimore testified that the pictures of his vehicle, taken shortly after the accident, showed that there was no damage to the front of the car, only to the left rear panel. His wife, who was in the passenger seat of the car, corroborated his version of the accident.

At the end of the defendants' case but prior to summations, the plaintiffs moved for judgment as a matter of law in their favor, which motion was denied. When the jury returned a verdict in favor of the defendants on the liability issue, the plaintiffs moved to set aside the verdict as being against the weight of the evidence. The trial court denied this motion as well.

Contrary to the plaintiffs' contention, the trial court properly denied the motion to set aside the verdict in favor of the defendants as against the weight of the evidence. The court may set aside a jury verdict and grant a new trial upon a finding that the jury could not have reached its verdict on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). However, as this court has recently observed, "a

trial court should exercise considerable caution in utilizing its discretionary power to set aside a jury verdict and grant a new trial" *(Murphy v Estate of Vece,* 173 AD2d 445).

In the instant case, the jury reasonably could have concluded that the defendant driver was free from fault and that the accident was due to the plaintiff driver's conduct. A fair interpretation of the evidence supports the conclusion that the defendant driver stopped at the yield sign, looked in both directions, and proceeded through the intersection when it appeared to be safe to do so. The jury could properly infer from the location of the damage to the two cars and from the fact that the plaintiffs' car hit the defendants' "big Cadillac" with such force that the defendants' car spun around, that the plaintiffs' car was traveling a good deal faster than Lynn Patti claimed. This evidence, together with evidence that the plaintiff driver looked straight ahead the entire time and failed to see the defendants' car until the impact, and failed to slow down at any time, supports the jury's verdict *(see, Yaver v Gofus,* 156 AD2d 556; *Olson v Dougherty,* 128 AD2d 920; *Froese v De Vito,* 123 AD2d 305; *Beechey v De Sorbo,* 53 AD2d 727). It cannot be said that the jury's conclusion that the defendant driver was not negligent could not have been reached upon any fair interpretation of the evidence *(see, Lopez v Rosenblatt,* 164 AD2d 859; *Buchberger v Barrack,* 151 AD2d 632; *Stutman v Ortel,* 150 AD2d 555; *Capone v Gannon,* 150 AD2d 749).

Thus, the trial court properly denied the plaintiffs' motion to set aside the jury verdict, " 'for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict' " *(Quines v Ostrander,* 169 AD2d 826, 827, quoting *Nicastro v Park,* 113 AD2d 129, 133, *supra; Pannetta v Ramo,* 138 AD2d 686). Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.