■ JOVITA HASTINGS, Appellant-Respondent, v JONATHAN CASS, INC., et al., Respondents-Appellants. [623 NYS2d 928] —In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, and the defendants cross-appeal, on the ground of excessiveness, from so much of a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered September 10, 1992, as, upon a jury verdict awarding the plaintiff $700,000 for future pain and suffering,

and upon granting the defendants' motion to set aside the verdict as to damages for future pain and suffering reducing that award to $225,000, is in favor of the plaintiff and against the defendants in the principal sum of $225,000 for future pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages for future pain and suffering only, unless within 20 days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the sum of $225,000 to $350,000, and to the entry of an amended judgment in the principal sum of $350,000 for damages for future pain and suffering. In the event that the defendants so stipulate, then the judgment as so increased and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, who was 67-years-old at the time of the accident, sustained various physical injuries as a result of being struck by the defendants' van as she was crossing the street. The evidence adduced at trial reveals that as a result of these injuries, the plaintiff still suffers episodic pain and relies increasingly upon others to perform chores that she could previously do unassisted. We agree, however, with the trial court that the jury's award of $700,000 to the plaintiff for future pain and suffering deviates materially from what, in our view, is reasonable compensation. But, we find that an award of $350,000, rather than the $225,000 suggested by the trial court for future pain and suffering, would be appropriate (see, CPLR 5501 [c]; *Blyskal v Kelleher,* 171 AD2d 718; *Brennan v City of New York,* 108 AD2d 834). We note that it was procedurally improper for the trial court to enter a judgment reducing the award of damages for future pain and suffering without ordering a new trial on the issue of such damages unless the plaintiff stipulated to reduce the verdict (see, CPLR 4404 [a]; *Anderson v Stephen M. Donis, D.P.M., P. C.,* 150 AD2d 414, 416). Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.