■ Carlos K. Torres, Respondent, v City of New York, Appellant. [686 NYS2d 847] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated February 2, 1998, which denied its motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against it, and (2) a judgment of the same court, entered February 4, 1998, which, upon the jury verdict, is in favor of the plaintiff and against it in the principal sum of $4,000,000 for past pain and suffering, $7,000,000 for future pain and suffering, and $300,000 for past medical expenses.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by deleting the provisions thereof which awarded the plaintiff the sums of $4,000,000 for past pain and suffering and $7,000,000 for future pain and suffering, and substituting therefor a provision severing the plaintiff's causes of action to recover damages for past and future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $4,000,000 to the principal sum of $1,000,000, and for future pain and suffering from the principal sum of $7,000,000 to the principal sum of $1,500,000, and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

"When weight of evidence is the issue, a verdict for the plaintiff may not be disregarded unless the evidence so preponderates in favor of the defendant that it could not have been reached on any fair interpretation of the evidence" (*O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 439). Here, it does not appear that the defendant's version of the facts, that a New York City police officer justifiably shot the plaintiff in self-defense, is the only reasonable view of the evidence such that a finding in favor of the plaintiff on the issue of liability could not have been found on any fair interpretation of the evidence. However, upon our review of the record, we conclude that the damage award deviated materially from what would be reasonable compensation.

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.