■ STEVEN SCHNEIR, as Executor of RUBIN SCHNEIR, Deceased, Appellant, v VICTORY MEMORIAL HOSPITAL et al., Respondents. [707 NYS2d 371] —In an action to recover damages for personal injuries, etc., the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 12, 1998, as, in effect, denied his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, and (2) from a judgment of the same court, entered December 9, 1998, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly denied the plaintiff's motion to set aside the verdict as against the weight of the evidence. A jury verdict may not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Torres v City of New York,* 259 AD2d 693; *Nicastro v Park,* 113 AD2d 129). Here, the jury was presented with conflicting testimony and divergent expert opinions, the resolution of which was the jury's proper function (*see, Mendoza v Kaplowitz,* 215 AD2d 735; *Pannetta v Ramo,* 138 AD2d 686; *Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716). Since the verdict was supported by a fair interpretation of the evidence, it should not be disturbed.

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal (*see,* CPLR 2002). Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.