■ JAMES McNEIL, Appellant, v MCST PREFERRED TRANSPORTATION Co. et al., Respondents. [753 NYS2d 866] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Liebowitz, J.), entered September 10, 2001, as, after a jury trial, and upon granting that branch of the defendants' motion which was to set aside so much of the verdict as awarded him damages for future pain and suffering in the sum of $40,000 by reducing that award to the sum of $0, is in favor of the defendants and against him on the issue of damages for future pain and suffering.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff $0 for future pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and a new trial is granted on the issue of damages for future pain and suffering only, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to increase the amount of damages for future pain and suffering from the sum of $0 to $15,000, and to the entry of an amended judgment; in the event that the defendants so stipulate, then the judgment, as so increased and modified, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, who was 34 years old at the time of the accident, sustained a hairline fracture to his right ankle and injuries to his left foot, when a truck owned by the defendant MCST Preferred Transportation Co. drove over his feet. The evidence adduced at trial reveals that as a result of these injuries, the plaintiff occasionally suffers pain, and cannot participate in certain sports. He received conservative, nonsurgical treatments, and returned to full duties at work. The plaintiff's expert opined that the plaintiff had minimal restriction of motion at his right ankle.

We agree with the trial court that the jury verdict awarding

the plaintiff the sum of $40,000 for future pain and suffering, covering a period of one year, deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]). However, we find that an award of $15,000 for one year, rather than the award of $0 directed by the trial court for future pain and suffering, would be appropriate (*see generally Bunge v New York City Tr. Auth.,* 216 AD2d 264; *Seargent v Berben,* 235 AD2d 1024).

We further note that it was procedurally improper for the Supreme Court to enter a judgment reducing the award of damages for future pain and suffering without granting a new trial on that issue unless plaintiff stipulated to reduce the verdict (*see* CPLR 4404 [a]; *Tri-State Aluminum Prods. v Paramount Macaroni Mfg. Co.,* 247 AD2d 606, 607; *Hastings v Jonathan Cass, Inc.,* 213 AD2d 595; *Anderson v Stephen M. Donis, D.P.M., P.C.,* 150 AD2d 414, 416). Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.