■ M. JOHN PITTONI, Respondent-Appellant, v DONALD J. BOLAND et al., Appellants-Respondents. [646 NYS2d 157] —In an action, *inter alia,* for an accounting, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), entered May 4, 1995, as appointed a forensic accountant and accounting firm to hear and determine the issues of the value of a dissolved partnership and of the parties' respective equity interests therein, and (2) the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the provision thereof appointing a forensic accountant and accounting firm to hear and determine issues of the value of the dissolved partnership and of the parties' respective equity interests therein is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that defendants are awarded one bill of costs.

In appointing a forensic accountant to direct discovery between the parties regarding the issues of valuation of their former partnership and, in effect, to hear and determine the valuation issues without the parties' consent *(see,* CPLR 4317 [b]), the Supreme Court impermissibly delegated adjudicatory powers to an improper person *(see,* CPLR 4312). References of this nature are limited to Judicial Hearing Officers and Referees. A nonattorney may not be appointed to perform such duties except under specific, limited circumstances not applicable herein. Of course, the Supreme Court is free to appoint a Judicial Hearing Officer or a Referee to supervise discovery and to perform additional duties to the extent authorized by CPLR 4317 if it deems such action appropriate. Similarly, the court itself may conduct a valuation hearing with each side presenting its own expert accounting evidence in order to resolve the valuation issues. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.