■ ALOURDES LIKOUA, Appellant, v NASER SAUDI, Respondent. [647 NYS2d 540] —In an action pursuant to Executive Law § 297 (9) to recover damages resulting from housing discrimination, the plaintiff appeals (1) from a judgment of the Supreme Court, Queens County (Miller, J.H.O.), dated September 29, 1995, which awarded damages to the defendant for rent due in an unspecified amount, and (2) from so much of an order of the same court (Milano, J.), dated November 20, 1995, as denied the plaintiff's motion, *inter alia,* to vacate the judgment dated September 29, 1995.

Ordered that the judgment dated September 29, 1995, is reversed, on the law and the facts, and the case is remitted to the Supreme Court, Queens County, for a new hearing on the issue of the plaintiff's damages before a different Judicial Hearing Officer; and it is further,

Ordered that the appeal from the order dated November 20, 1995, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant landlord commenced a summary holdover proceeding to evict the plaintiff from her apartment after the expiration of her lease. The plaintiff thereupon instituted a housing discrimination action against the defendant under Executive Law §§ 296 and 297 seeking, *inter alia,* compensatory and punitive damages. She claimed that the defendant's refusal to renew her lease was based solely on her race. The Supreme Court consolidated the two matters, deeming the holdover proceeding a counterclaim in the discrimination action. Upon the defendant's default in failing to comply with discovery demands, the court struck his answer, referring the case to a Judicial Hearing Officer for a determination of the plaintiff's damages.

The Judicial Hearing Officer conducted a hearing at which he permitted the defendant to deny liability and to present evidence to support his claim for back rent. By judgment dated September 29, 1995, the Judicial Hearing Officer awarded the defendant damages in an unspecified amount for back rent, noting that the plaintiff had failed to establish a monetary loss as a result of the defendant's discriminatory conduct. By order dated November 20, 1995, the Supreme Court denied the plaintiff's motion to vacate the judgment on the ground that it lacked jurisdiction to do so.

The Judicial Hearing Officer, in purporting to hold the plaintiff liable for damages to the defendant, clearly acted beyond his jurisdiction, which was restricted to a determination of the plaintiff's damages. The money judgment in favor of the defendant, therefore, must be considered a nullity *(see, Chang v Chang,* 190 AD2d 311, 320).

Moreover, the record is clear that the plaintiff's testimony as to her mental anguish, as corroborated by three other witnesses, was unrefuted by the defendant. Contrary to the Judicial Hearing Officer's finding, this evidence of mental anguish was more than sufficient to warrant a money judgment in favor of the plaintiff *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 215-216; *see also, Matter of State Div. of Human Rights v Muia,* 176 AD2d 1142, 1144-1145). We therefore reverse the judgment and remit the matter for a new hearing on the issue of the plaintiff's damages.

In light of this finding, we need not address the issue of whether the Supreme Court had jurisdiction to set aside the Judicial Hearing Officer's judgment. Thompson, J. P., Altman, Hart and Florio, JJ., concur.