■ THOMAS G. REILLY et al., Respondents, v LONG ISLAND RAILROAD, Appellant, et al., Defendants. [714 NYS2d 231] —In an

action to recover damages for personal injuries, etc., the defendant Long Island Railroad appeals from (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated June 29, 1999, which denied its motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiffs and against it on the grounds that it was against the weight of the evidence and that the amount of damages awarded was excessive, and (2) a judgment of the same court, entered July 16, 1999, which, upon the jury verdict, is in favor of the plaintiffs and against it in the principal sum of $152,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The jury properly determined that the broken glass at the appellant's train station was a recurring dangerous condition of which the appellant could be charged with constructive notice (*see, Weisenthal v Pickman,* 153 AD2d 849). The appellant's contention that the verdict was not supported by legally sufficient evidence is without merit (*see, Cohen v Hallmark Cards,* 45 NY2d 493).

The award of damages was not excessive, as it did not deviate materially from what would be reasonable compensation (*see, Chase v City of New York,* 233 AD2d 474; *Reynolds v Merit Oil,* 167 AD2d 521). Ritter, J. P., Sullivan, S. Miller and Florio, JJ., concur.