■ VALLERIE RODRIGUEZ, Respondent, v NICK VALENTINE, Appellant. [799 NYS2d 566]—

In an action, inter alia, to recover damages for battery, the defendant appeals from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated May 4, 2004, which, upon a jury verdict awarding the plaintiff the sums of $375,000 in compensatory damages and $375,000 in punitive damages, (a) denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside the verdict and for judgment in his favor as a matter of law, and (b) granted that branch of his motion which was for a new trial on the issue of damages only to the extent of directing a new trial with respect thereto unless the plaintiff stipulated to reduce the damages award to the sums of $25,000 in compensatory damages and $100,000 in punitive damages, and (2) a judgment of the same court dated June 17, 2004, which, upon the plaintiff's stipulation, is in favor of the plaintiff and against him in the principal sum of $125,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant's contention that judgment as a matter of law should have been awarded in his favor and the complaint should have been dismissed due to the plaintiff's attorney's conduct in eliciting testimony and making references regarding an alleged previous battery purportedly committed by the defendant is

without merit. While the plaintiff's attorney acted improperly, the errors did not provide a sufficient basis for the dismissal of the complaint under the circumstances presented. Moreover, the defendant expressly waived the potential remedy of a mistrial and therefore is precluded from arguing on appeal that a mistrial should have been granted (*see Bonilla v New York City Health & Hosps. Corp.*, 229 AD2d 371 [1996]).

Contrary to the defendant's contention, the plaintiff's evidence was legally sufficient to support an award of compensatory damages for mental anguish, as the award was properly premised upon the testimony of the plaintiff herself, as corroborated by other witnesses, regarding the emotional injuries she suffered as a result of the incident (*see Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52, 56 [1990]; *affd* 77 NY2d 981 [1991]; *see generally Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 215-216 [1991]; *Likoua v Saudi*, 231 AD2d 609, 610 [1996]).

The award of damages, as reduced by the Supreme Court, was not excessive, as it did not deviate materially from what would constitute reasonable compensation (*see* CPLR 5501 [c]; *Reilly v Long Is. R.R.*, 275 AD2d 767 [2000]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.