■ In the Matter of P.J. LYNCH FOOD SERVICE, INC. DANIEL P. URBAN, Appellant; NICHOLAS LaCONTI, JR., Respondent. [819 NYS2d 73]—

In a proceeding pursuant to Business Corporation Law

§ 1104-a for the dissolution of P.J. Lynch Food Service, Inc., the petitioner appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated July 20, 2004, which, upon an order of the same court dated April 22, 2004 granting the respondent's motion, inter alia, to confirm a valuation report of Margolin, Winer & Evans, LLP, the forensic accountant, dated September 4, 2003, and a supplemental report also dated September 4, 2003, inter alia, directed him to turn over his stock in the company without compensation.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a fact-finding hearing to determine the valuation of the company and the petitioner's liability, if any, to the company.

The petitioner, Daniel P. Urban, commenced this proceeding for the dissolution of P.J. Lynch Food Service, Inc., a company in which he owned 40% of the stock. By order dated December 10, 2002, the court granted dissolution of the company and appointed a forensic accountant, inter alia, "to render an accounting of the value" of the company. The forensic accountant performed a valuation of the company and submitted a valuation report determining the value of the company to be $858,900. At the time the valuation report was submitted, the accounting firm also submitted a supplemental report. The supplemental report stated that it was prepared for the court's consideration because "[d]uring the process of preparing [the] valuation report," the forensic accountant "determined that there were certain potential assets and liabilities of [the company] related to the period of [Urban's] stewardship which merited separate consideration with respect to the dissolution of [the company]." This report determined that Urban's liability to the company for the period that the company was under his sole operation and control was $2,167,400.

Nicholas LaConti, Jr., the owner of the other 60% of the company's shares, moved, inter alia, to confirm the reports, to set the value of the company at $858,900, and to compel Urban to turn over his shares of the company. The court confirmed the value of the company at $858,900. Upon consideration of the supplemental report, the court found that it set forth potential company assets in the possession of Urban and company liabilities attributable to Urban, which could not be valued with precision. The court expressly declined to consider each alleged act of Urban's malfeasance and instead approximated the amount of Urban's liability to the company to be an amount equal to his equity interest. Pursuant to the court's determina-

tion, Urban was required to turn over his shares of the company without compensation. We reverse.

Submission of the supplemental report, purporting to determine Urban's liability to the company, exceeded the scope of the forensic accountant's authority pursuant to the order appointing it (*see generally Matter of Eagle Ins. Co. v Suleymanova,* 289 AD2d 404 [2001]; *Rihal v Kirchhoff,* 274 AD2d 567 [2000]; *Likoua v Saudi,* 231 AD2d 609, 610 [1996]). Moreover, insofar as the court authorized the forensic accountant to determine Urban's liability, such grant of authority was impermissible. To appoint a forensic accountant to direct discovery between the parties and, in effect, to hear and determine Urban's liability to the company (*see* CPLR 4317 [b]), impermissibly delegated adjudicatory powers to an improper person (*see* CPLR 4312). References of this nature are limited to judicial hearing officers and referees (*see Pittoni v Boland,* 230 AD2d 722 [1996]). Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court for a fact-finding hearing as to the valuation of the company and the petitioner's liability, if any, to the company. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.