■ In the Matter of DE SHAWN DOUGLAS, Petitioner, v ROBERT FOSTER, as Hearing Officer at Adirondack Correctional Facility, et al., Respondents. [733 NYS2d 552] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting false statements and possession of stolen property. The record discloses that 60 packs of Newport cigarettes were stolen from the commissary at Adirondack Correctional Facility in Essex County, casting suspicion upon petitioner due to his employment in the commissary. A search of petitioner's cell turned up 17 packs of Newport cigarettes. Petitioner stated that the cigarettes were his, having been among his possessions when he was transferred to the facility two months earlier. Upon investigation, however, it was discovered that the cigarettes were not on the inventory list showing the property that petitioner had brought with him, nor was he able to produce sales receipts for them.

At his disciplinary hearing, evidence of petitioner's guilt was presented in the form of the detailed misbehavior report and the testimony of the civilian employee who ran the commissary. She testified that petitioner was working in the commissary on the day of the theft and that she had seen him at the end of his shift in the area where the cigarettes were stored. Also in evidence was petitioner's own testimony in which he asserted his innocence of the charged misconduct, attesting that he had received the cigarettes found in his cell as payment from other inmates for braiding their hair.

Based on the record presented here, we find that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Gargano v Goord*, 278 AD2d 716, *lv denied* 96 NY2d 716). His assertions of innocence presented an issue of credibility that lay within the province of the Hearing Officer to resolve (*see, Matter of Pabon v Goord*, 275 AD2d 824; *Matter of Rivera v Goord*, 274 AD2d 813). The remaining contentions raised herein have been examined and found to be unpreserved for our review or without merit.

Mercure, J. P., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.