■ In the Matter of MARK LARRY, Petitioner, v ROY A. GIRDICH, as Superintendent of Franklin Correctional Facility, Respondent. [762 NYS2d 299] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of soliciting, making an unauthorized exchange, stealing state property and possessing stolen property after a note linked to the sale of a typewriter from another inmate and a new state log book were found following a search of his cube.* Although the note found in petitioner's cube did not specifically name petitioner, the reasonable inference to be drawn from the note being in his possession, a statement from the inmate who wrote it admitting that it was for the sale of a typewriter and the money disbursement to petitioner's sister which corresponded to the amount mentioned in the note provide substantial evidence to support the findings of guilt as to the charges of solicitation and unauthorized exchange (*see generally Matter of Varela v Coughlin,* 203 AD2d 630, 631 [1994]).

We reach a different conclusion, however, with regard to the charges of stealing and possessing stolen property. These charges were premised upon the assertion in the misbehavior report that a state log book was found in petitioner's cube. Inmate McAllister testified that the log book was in a box he had placed in petitioner's cube and that the log book had been provided to McAllister when he was a member of the Inmate Liaison Committee. While the Hearing Officer certainly could have rejected McAllister's testimony as lacking credibility, there was no evidence presented that petitioner or any other

---

* Petitioner was also charged with, but found not guilty of, providing unauthorized legal assistance.

inmate stole the book. Nor was there any evidence indicating that a log book had been reported missing (*see Matter of Douglas v Foster,* 289 AD2d 656 [2001]) or that inmates were not permitted to possess a log book (*see Matter of Tyler v Goord,* 278 AD2d 719 [2000]). Accordingly, on this record, the charges of stealing and possessing stolen property are not supported by substantial evidence.

To the extent that petitioner challenges the adequacy of the misbehavior report, we find that it sufficiently informed him of the charges against him to enable him to prepare a defense (*see Matter of Faison v Senkowski,* 255 AD2d 625 [1998], *appeal dismissed* 93 NY2d 847 [1999]). Petitioner's remaining contentions, including that the misbehavior report was not properly endorsed and that he was denied an investigation report, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing and possessing stolen property and as imposed a penalty and recommended a loss of good time; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.