■ In the Matter of ERIC ROMAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [783 NYS2d 150]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing, petitioner was found guilty of violating prison disciplinary rules that prohibit violent conduct, smuggling, refusing a direct order, making a false statement and the failure to comply with frisk procedures.* According to the misbehavior report, petitioner was observed wearing a heavy coat on a hot day and, when asked by a correction officer, denied having any contraband. The correction officer then pat frisked petitioner and found a tissue in petitioner's left boot. As the correction officer was concluding the pat frisk, he ordered petitioner to unwrap the tissue which had been placed on the floor. Petitioner began to unroll it, however, when the correction officer observed what appeared to be a marihuana cigarette, petitioner bumped into the correction officer in an attempt to run away down the hallway. When petitioner was stopped, he ate the tissue and refused orders to spit it out. Thereafter, a strong odor of marihuana was noticed emanating from petitioner.

Notwithstanding petitioner's contention to the contrary, the detailed misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Williams v Goord, 308 AD2d 614, 615 [2003]; Matter of Evans v Goord, 256 AD2d 695 [1998]). Although the correction officer who pat frisked petitioner had completed the touching part of the frisk, in connection therewith petitioner was told to unwrap the tissue found during the frisk, but he disregarded the correction officer's directive. Similarly, the testimony at the hearing and reasonable inferences to be drawn therefrom support the charge of smuggling and false statements, even though no contraband was ever recovered.

Finally, petitioner's challenge to the designation of the Hearing Officer is unpreserved for our review inasmuch as petitioner failed to raise it at the hearing when any error could have been corrected (see Matter of Cruz v Amico, 186 AD2d 841 [1992]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner was also charged with drug possession, however, that charged was dismissed because of an error in the description of the misbehavior report.