■ In the Matter of JOSEPH GUERIN, Petitioner, v DAVID L. MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [790 NYS2d 771]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of being out of place in violation of a prison disciplinary rule and not guilty of disobeying a direct order. We reject petitioner's assertion that the misbehavior report, stating the date and time that petitioner "left the commissary without an escort or pass" in violation of rule 109.10 (7 NYCRR 270.2 [B] [10] [i]), was insufficiently detailed. The misbehavior report and petitioner's testimony provide substantial evidence to support the determination of guilt (*see Matter of Amaker v Senkowski*, 278 AD2d 622 [2000], *lv denied* 96 NY2d 707 [2001]). We also are unpersuaded by petitioner's contention that the failure to file or post a rule requiring an escort from the commissary negates a finding of being out of place. Even if no such rule was posted, a review of petitioner's testimony confirms that he was aware of such a rule and, crediting the misbehavior report as the Hearing Officer did, the fact that petitioner was without an escort rendered him out of place within the correctional facility. Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.