■ In the Matter of JOSE MARTINEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [792 NYS2d 732]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Collins Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

While performing his duties as tier officer, correction officer D. Girome served petitioner with a misbehavior report charging him with violating various prison disciplinary rules. Petitioner responded, in English, that he needed the misbehavior report written in Spanish and an interpreter at the hearing. When Girome checked with the guidance office and learned that petitioner was sufficiently proficient in English, he issued petitioner another misbehavior report charging him with making a false statement. Following a tier II disciplinary hearing, petitioner was found guilty of making a false statement.

Petitioner commenced this CPLR article 78 proceeding challenging, among other things, the determination of guilt.*

We are unpersuaded by petitioner's contention that his due process rights were violated when he was denied the right to an interpreter. An interpreter is required when "[a] non-English speaking inmate . . . cannot read and understand English" (7 NYCRR 253.2). Here, testimony at the hearing established that petitioner had tested adult basic education in English in 1996, had English as a second language at a level three and had been a teacher's aide in a technology class. Furthermore, petitioner was able to understand and participate in English during the hearing. In view of the foregoing, we find no reason to disturb either the decision denying his request for an interpreter (*see Matter of Wan Zhang v Murphy*, 1 AD3d 784, 785 [2003]; *Matter of Martinez v Selsky*, 274 AD2d 726, 727 [2000]) or the disciplinary determination finding that petitioner lied with respect to his English proficiency (*see Matter of Douglas v Foster*, 289 AD2d 656 [2001]). Petitioner's remaining contentions, including his challenge to Girome's authority to investigate petitioner's request for a written translation and interpreter, were not raised at the hearing and are, therefore, unpreserved for our review (*see Matter of Roman v Goord*, 11 AD3d 858 [2004]).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although in this CPLR article 78 proceeding petitioner also challenged the separate administrative determination stemming from the first misbehavior report served by Girome, he has failed to include any arguments relating to that determination in his brief and, therefore, any issues with respect thereto are abandoned (*see Matter of Wade v Portuondo*, 289 AD2d 663, 663 n [2001]).