■ In the Matter of EDWIN LAMAGE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [810 NYS2d 534]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules and a determination of respondent Director of Special Housing placing petitioner in administrative segregation.

Petitioner was charged in two misbehavior reports with various prison disciplinary rule violations. The first arose from an incident in which petitioner made comments to a correction officer who was giving orders to an inmate to whom petitioner

was attached by leg irons. When petitioner refused the officer's directive to be quiet, he was charged with refusing a direct order, interfering with an employee and engaging in disruptive conduct. He was found guilty of the first two charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal on October 27, 2004. The second misbehavior report charged petitioner with making false statements after he appeared to be feigning an illness. He was found guilty of this charge following a tier II disciplinary hearing and this determination was also affirmed on administrative appeal on November 17, 2004. Petitioner was subsequently placed in administrative segregation as a result of threatening conduct unrelated to the above disciplinary determinations and this determination was upheld on administrative appeal on December 17, 2004. He commenced this CPLR article 78 proceeding challenging the two prison disciplinary determinations as well as the determination placing him in administrative segregation. Thereafter, the second prison disciplinary determination was reversed and all references thereto were expunged from petitioner's institutional record.

Initially, inasmuch as petitioner has received all the relief to which he is entitled as a result of the administrative reversal of the second determination, the challenge to this determination is moot (*see Matter of Terry v Selsky*, 22 AD3d 1001, 1002 [2005]). We turn our attention to the first determination. Upon reviewing the record, we find that the misbehavior report, together with petitioner's testimony, provide substantial evidence supporting it (*see Matter of Guerin v Miller*, 16 AD3d 799 [2005]; *Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]). Therefore, we decline to disturb it. Lastly, petitioner has raised no arguments regarding the propriety of the administrative segregation determination and his appeal from it is deemed abandoned (*see Matter of Martinez v Goord*, 17 AD3d 804, 805 n [2005]).

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the October 27, 2004 and December 17, 2004 determinations are confirmed, without costs, and petition dismissed to that extent. Adjudged that that part of the petition challenging the November 17, 2004 determination is dismissed, as moot, without costs.