■ BEVERLY H., Respondent, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Bellard, J.), dated October 10, 1986, which is in the favor of the plaintiff and against them in the amount of $774,557.78, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

During the birth of the respondent's first child, a midline episiotomy, an incision intended to shorten the time of labor was performed. The incision extended from the respondent's vagina to her rectum and a rectovaginal fistula (a hole between the rectum and the vagina) was formed. A few days after her discharge from the hospital the respondent returned to the hospital, complaining that she was defecating into her vagina.

Over an 18-month period four operations were performed on the respondent, including a colostomy. A colostomy involves exteriorizing the large intestine so it will empty into a bag worn by the patient. The patient must empty the bag periodically. At one point the colostomy fell back inside the respondent's body and surgery was required to reattach it.

While the attempts to repair the fistula were continuing the respondent suffered periods of depression, became withdrawn, and threatened suicide. Her relationship with her child's father deteriorated and he eventually left her and married someone else.

After the fistula was healed and the colostomy was closed, the respondent's second child was delivered by Caesarean

section in order to avoid a recurrence of the injury. She also had to have a hernia repaired in the area of the abdominal surgeries. A second hernia was not repaired partly because of anticipated complications as a result of the respondent's surgical history.

The respondent testified that she continues to feel pain and still occasionally passes gas through her vagina.

The jury awarded the respondent $1,000,000 for damages for pain and suffering up to the time of trial and $500,000 for future pain and suffering. The trial court reduced that amount to $600,000 for pain and suffering up to the time of trial and $100,000 for future pain and suffering.

We believe that as modified the award of damages is appropriate. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.