■ ELOUISE A. BARCLIFF, Appellant, et al., Plaintiff, v BROOKLYN HOSPITAL, Also Known as CALEDONIAN HOSPITAL, Respondent. [622 NYS2d 746] —In an action to recover damages for medical malpractice, etc., the plaintiff Elouise Alexis Barcliff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Levine, J.),

entered February 9, 1993, as, upon a jury verdict in favor of the appellant in the principal sums of $54,000 for past pain and suffering, $250,000 for future pain and suffering, and $100,000 for psychological counseling, and upon the trial court granting the defendant's motion to reduce the verdict to the extent of reducing the verdict for future pain and suffering to the principal sum of $54,000 and the verdict for psychological counseling to the principal sum of $17,600, is in favor of the appellant and against the defendant in those reduced amounts.

Ordered that the judgment is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages for future pain and suffering and for psychological counseling only, unless the appellant serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering to the principal sum of $54,000, and for psychological counseling to the principal sum of $17,600; and it is further,

Ordered that the appellant's time to serve and file her stipulation is extended until 30 days after service upon her of a copy of this decision and order with notice of entry; in the event that the appellant so stipulates, then the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appellant, who was nine years old at the time of the trial, sustained permanent scarring to her left wrist and both her ankles from infiltration of the intravenous system which was used to sustain her when she was born approximately 12 weeks prematurely. An expert testified that the appellant suffered psychologically from these scars, and recommended four years of weekly psychological therapy. The jury unanimously found the defendant liable for the appellant's injury and awarded her $54,000 for pain and suffering for the past 10 years, $250,000 for future pain and suffering for 10 years, and $100,000 as compensation for psychological counseling. The court reduced the award for future pain and suffering to $54,000 and the award for psychological counseling to $17,600.

We find that the jury verdict for future pain and suffering materially deviated from what would otherwise be reasonable compensation and the award for psychological counseling was not supported by the evidence (see, CPLR 5501 [c]). Therefore, the trial court did not improvidently exercise its discretion in

granting the defendant's motion. We agree with the trial court that the reduced awards for future pain and suffering and psychological counseling would adequately compensate the appellant. However, the proper procedure for the trial court to follow was to direct a new trial unless the appellant stipulated to the appropriate reduction (see, CPLR 4404 [a]; *Anderson v Donis,* 150 AD2d 414, 416; *Fischl v Carbone,* 199 AD2d 463). Since the appellant failed to object to the court unilaterally reducing the verdict, the issue is unpreserved for appellate review. However, as a matter of discretion, the judgment is affirmed if the appellant stipulates to the reduced verdict. If she does not, then the judgment must be reversed and a new trial granted on the issue of damages for future pain and suffering and for psychological counseling only. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.