■ DOROTHY WOLOSIN, Appellant, v MARY CAMPO, Respondent. [681 NYS2d 358] —In an action to recover damages for malicious prosecution, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated July 21, 1997, which, upon a jury verdict, is in favor of the defendant awarding her compensatory and punitive damages on her counterclaim for defamation in the principal sum of $120,000.

Ordered that the judgment is affirmed, with costs.

We find no merit to the plaintiff's claim that the Supreme

Court erred in directing the parties to proceed to trial on the defendant's counterclaim in June 1997. A request for an adjournment is addressed to the sound discretion of the trial court, and its determination will not be disturbed absent an improvident exercise of that discretion (*see, Bay Ridge Fed. Sav. & Loan Assn. v Morano,* 199 AD2d 354; *Matter of Alario v DeMarco,* 149 AD2d 587). Although the plaintiff maintains that she was not ready to proceed to trial on June 19, 1997, because she had anticipated that the defense counsel would need additional time to complete her deposition, the court afforded the plaintiff and her attorney a reasonable opportunity to prepare by postponing jury selection to June 23, 1997, and delaying the commencement of the trial to July 14, 1997. Moreover, the action had appeared on the Trial Assignment Part calendar on nine previous occasions. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's request for a lengthier adjournment.

The plaintiff also contends that the verdict awarding the defendant damages on her counterclaim should be set aside because the defendant failed to prove publication to a third party, which is a necessary element of a libel claim (*see, Fedrizzi v Washingtonville Cent. School Dist.,* 204 AD2d 267; *McGill v Parker,* 179 AD2d 98, 106). However, contrary to the plaintiff's contention, the jury could have found, based upon a fair interpretation of the evidence, that she disseminated a packet of libelous written materials to third parties.

The jury's award of compensatory damages does not deviate materially from what would be reasonable compensation for the defendant's injuries (*see,* CPLR 5501 [c]). In addition, the award of punitive damages was proper in light of evidence of the plaintiff's intentional and malicious conduct toward the defendant (*see, Kovacs v Briarcliffe School,* 208 AD2d 686, 687-688).

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or, to the extent that any error occurred, harmless (*see,* CPLR 2002; *Cave v Foley,* 234 AD2d 410). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.