■ JERMAINE ECCLESTON et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [698 NYS2d 869] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Kings County (Clemente, J.), entered November 21, 1997, which, upon a jury verdict awarding damages to the plaintiff Jermaine Eccleston in the principal sum of $2,000,000 for past pain and suffering, $5,000,000 for future pain and suffering for 37 years, $2,000,000 for future lost earnings for 37 years, $977,712 for future medical expenses for 47 years, $375,552 for future cost of therapies to age 21 for 13 years, $2,307,124 for future cost of therapies after age 21 for 34 years, $409,720 for future cost of a home aide to age 21 for 13 years, $977,712 for future cost of special equipment for 47 years, and $9,228,496 for future cost of residential care for 34 years, and upon an order of the same court dated September 12, 1996, granting those branches of the defendant's motion which were to set aside the verdict as to damages for past and future pain and suffering and for a new trial on those issues

unless the plaintiffs stipulated to reduce the award for future pain and suffering from the sum of $5,000,000 to the sum of $1,175,000, and to reduce the award for past pain and suffering from the sum of $2,000,000 to the sum of $250,000, and otherwise denying the motion, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, with costs, the plaintiffs' demands for future cost of therapies after age 21, future medical expenses after age 21, and future costs of special equipment after age 21, are stricken, and a new trial is granted on the issue of damages for (a) future lost earnings, (b) future medical expenses until age 21, (c) future cost of special equipment until age 21, and (d) future cost of residential care for the plaintiff Jermaine Eccleston, unless within 30 days after service upon Claudette Eccleston, as guardian for Jermaine Eccleston, of a copy of this decision and order with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to (a) future lost earnings from the sum of $2,000,000 to the sum of $1,000,000, (b) future medical expenses until age 21 from the sum of $977,712 to the sum of $300,000, (c) future cost of special equipment until age 21 from the sum of $977,712 to the sum of $300,000, and (d) future cost of residential care from the sum of $9,228,496 to the sum of $2,500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The defendant's contention that the plaintiffs' evidence was legally insufficient to establish that the defendant failed to properly monitor and resuscitate the infant plaintiff is unpreserved for appellate review (cf., Hurley v Cavitolo, 239 AD2d 559). In any event, the jury's finding that the defendant hospital departed from accepted medical practice in failing to properly monitor the infant plaintiff after his birth and properly resuscitate him upon his cardiac and respiratory arrest, and that such departures were the proximate cause of the infant plaintiff's brain damage and related injuries, was supported by legally sufficient evidence at trial (see, Campbell v City of Elmira, 84 NY2d 505, 509; Mirand v City of New York, 84 NY2d 44, 48-49; Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, according due deference to the jury's fact-finding function, we are not persuaded that the verdict as to liability was against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129).

The damages awarded, however, deviate materially from what would be reasonable compensation for the infant plaintiff's injuries (see, CPLR 5501 [c]; *Schare v Welsbach Elec. Corp.*, 138 AD2d 477, 478) or are duplicative. Specifically, the award for future cost of therapies after age 21 is duplicative of the award for residential care after the age of 21, which would include therapy. We therefore delete the award for future cost of therapies after age 21 (see, *Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780; *Bermeo v Atakent*, 241 AD2d 235). Moreover, the award for future medical expenses and the future cost of special equipment after age 21 are duplicative of the award for future residential care, since after the infant plaintiff reaches age 21, those costs will be subsumed by the cost of residential care (see, *Karney v Arnot-Ogden Mem. Hosp., supra*; *Bermeo v Atakent, supra*). The awards for residential facility care and loss of earning capacity are excessive to the extent indicated. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.