■ TRISTAN ROYAL, an Infant, by His Mother and Natural Guardian, SHERRY ROYAL, Respondent, v BOOTH MEMORIAL MEDICAL CENTER et al., Appellants. [704 NYS2d 109] —In an action to recover damages for medical malpractice, the defendants Booth Memorial Medical Center and Robert Post appeal from a judgment of the Supreme Court, Queens County (Lisa, J.), dated January 29, 1999, which, upon a jury verdict awarding the plaintiff Tristan Royal the sums of $2,000,000 for past pain and suffering, $3,000,000 for future pain and suffering, $3,000,000 for future lost earnings, $2,500,000 for future therapies, and $13,000,000 for future custodial care, is in his favor and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon Sherry Royal, as the mother and natural guardian of the plaintiff, of a copy of this decision and order, with notice of entry, Sherry Royal shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $2,000,000 to $750,000, as to damages for future pain and suffering from $3,000,000 to $1,500,000, as to damages for future loss of earnings from $3,000,000 to $700,000, as to damages for future therapies from $2,500,000 to $1,200,000, and as to damages for future custodial care from $13,000,000 to $3,500,000, and to the entry of an amended judgment accordingly; in the event that Sherry Royal so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The jury verdict in favor of the plaintiff was not against the weight of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Although there was conflicting testimony as to the cause of the plaintiff's premature birth and the injuries he sustained, the jury was entitled to give credence to the opinion of the plaintiff's experts, rather than the conclusory opinions offered by the defendants' experts (*see, Devito v Opatich,* 215 AD2d 714).

The damages awarded, however, were excessive to the extent

indicated, in that they deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.