■ K. CAPOLINO CONSTRUCTION CORP. et al., Respondents-Appellants, v WHITE PLAINS HOUSING AUTHORITY et al., Appellants-Respondents, and MYRON C. SIMON, Respondent. [712 NYS2d 158] —In an action to recover damages for defamation, the defendants White Plains Housing Authority, Anthony Tascione, and Gilbert A. Galli appeal from (1) a decision of the Supreme Court, Westchester County (DiBlasi, J.), dated February 11, 1998, (2) an order of the same court (Fredman, J.), dated April 20, 1998, which denied their motion made at the close of evidence for judgment in their favor as a matter of law, (3) an order of the same court (Fredman, J.), entered April 2, 1999, which granted their motion to set aside the verdict only to the extent of setting aside the verdict as to punitive damages awarded to the plaintiff K. Capolino Construction Corp. and striking that demand from the plaintiffs' complaint, and reducing the punitive damages awarded to the plaintiff Kenneth Capolino (a) payable by the defendant Anthony Tascione from the sum of $250,000 to the sum of $75,000 and (b) payable by the defendant Gilbert A. Galli from the sum of $250,000 to the sum of $50,000, and (4) a judgment of the same court (Fredman, J.), entered April 23, 1999, which, upon a jury verdict (a) is in favor of the plaintiff K. Capolino Construction Corp. for compensatory damages in the principal sum of $800,000 and in favor of the plaintiff Kenneth L. Capolino for compensatory damages in the principal sum of $200,000, payable by the defendant White Plains Housing Authority, and (b) is in favor of the plaintiff Kenneth L. Capolino for punitive damages in the principal sum of $75,000 payable by the defendant Anthony Tascione and punitive damages in the principal sum of $50,000 payable by the defendant Gilbert A. Galli, and the plaintiffs cross-appeal from so much of the same judgment as (1), upon the order dated April 20, 1998, in effect, (a) dismissed those causes of action in the complaint which were to recover damages for defamation based upon the defendants' statements that the plaintiffs were bankrupt, in default of their obligations under the subject contract, and implied that the plaintiff Kenneth L. Capolino had Acquired Immune Deficiency Syndrome, (b) dismissed the complaint insofar as asserted against the defendant Myron C. Simon, and (2), upon the order entered April 2, 1999, reduced the verdict as to the punitive damages awarded to the plaintiff Kenneth L. Capolino

and struck the demand for punitive damages by the corporate plaintiff.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeals from the order dated April 20, 1998, and the order entered April 2, 1999, are dismissed; and it is further,

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the fourth and fifth decretal paragraphs thereof and substituting therefor a decretal paragraph severing the plaintiffs' demands for punitive damages and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendants Anthony Tascione and Gilbert A. Galli, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the verdict as to punitive damages (1) against the defendant Anthony Tascione in favor of the plaintiff Kenneth L. Capolino from the sum of $250,000 to the sum of $37,500 and in favor of the plaintiff K. Capolino Construction Corp. from the sum of $250,000 to the sum of $37,500, and (2) against the defendant Gilbert A. Galli in favor of the plaintiff Kenneth L. Capolino from the sum of $250,000 to the sum of $25,000 and in favor of the plaintiff K. Capolino Construction Corp. from the sum of $250,000 to the sum of $25,000; in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment, and the order dated April 2, 1999, is modified accordingly.

The appeals from the order dated April 20, 1998, and the order entered April 2, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from those orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the trial court did not err in denying their motion for judgment as a matter of law, since it cannot be said that there was no rational process by which the trier of fact could base a finding in favor of the plaintiffs (*see, Szczerbiak v Pilat,* 90 NY2d 553, 556; *Cohen v*

*Hallmark Cards,* 45 NY2d 493, 499). Further, the defendants' motion to set aside the verdict as to liability was properly denied, as the evidence did not so preponderate in favor of the defendants that the jury could not have reached its determination on a fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954, 956; *Cohen v Hallmark Cards, supra*).

The award of compensatory damages did not deviate materially from what would constitute reasonable compensation (*see,* CPLR 5501 [c]). Further, the plaintiffs are entitled to punitive damages in light of the evidence of intentional and malicious conduct toward them by the defendants Anthony Tascione and Gilbert A. Galli (*see, Wolosin v Campo,* 256 AD2d 332). Although we agree with the trial court that the award of punitive damages was excessive to the extent indicated, the trial court erred in vacating, in its entirety, the award of punitive damages to the plaintiff K. Capolino Construction Corp. rather than apportioning the punitive damages award between the corporation and the individual plaintiff, consistent with the jury's determination. It cannot be said that the defendants' intentional and malicious conduct, or the defamatory statements themselves, were directed solely at the individual plaintiff and were personal to him (*see, Chlystun v Kent,* 185 AD2d 525). Also, it was error for the trial court to enter a judgment reducing the verdict for punitive damages without ordering a new trial on the issue of punitive damages unless the plaintiffs stipulated to reduce the verdict (*see,* CPLR 4404 [a]; *Tri-State Aluminum Prods. v Paramount Macaroni Mfg. Co.,* 247 AD2d 606).

The interest rate of 9% on the judgment is presumptively fair and reasonable (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76).

The parties' remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.