■ NAQUAN R. SANTIAGO, an Infant, by His Mother and Natural Guardian, YESENIA TORRUELLAS, Respondent-Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [716 NYS2d 920] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered June 22, 1999, which, upon a jury verdict awarding the plaintiff Naquan Ron Santiago $3,000,000 for past pain and suffering, $15,000,000 for future pain and suffering, $515,148 for therapy through age 21, $1,700,000 for therapy for 34 years after age 21, $15,560,589 for medical care and equipment, $2,817,966 for home care attendants (55 years), and $3,557,127 for lost earnings (36 years), and upon an order of the same court dated March 1, 1999, granting those branches of the defendant's motion which were to reduce the verdict for past pain and suffering, future pain and suffering, medical care and equipment, home care attendants, and lost earnings, and reducing the verdicts for past pain and suffering from the sum of $3,000,000 to the sum of $1,250,000, future pain and suffering from the sum of $15,000,000 to the sum of $3,500,000, medical care and equipment from the sum of $15,560,589 to the sum of $3,500,000, home care attendants from the sum of $2,817,966 to the sum of $2,750,000, and lost earnings from the sum of $3,557,127 to the sum of $3,000,000, is in favor of the plaintiffs and against it, and the plaintiffs cross-appeal, on the ground of inadequacy, from stated portions of the same judgment.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof

awarding the plaintiff Naquan Ron Santiago damages for past pain and suffering, future pain and suffering, medical care and equipment, future lost earnings, and home care attendants and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiff Yesenia Torruellas, as guardian for the plaintiff Naquan Ron Santiago, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $3,000,000 to the sum of $900,000, future pain and suffering from the sum of $15,000,000 to the sum of $1,500,000, medical care and equipment from the sum of $15,560,589 to the sum of $2,500,000, future lost earnings from the sum of $3,557,127 to the sum of $1,000,000, and home care attendants from the sum of $2,817,966 to the sum of $2,500,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It was error for the Supreme Court to enter a judgment reducing the jury verdict on certain items of damages without ordering a new trial as to those items unless the plaintiff stipulated to the reductions (*see,* CPLR 4404 [a]; *Capolino Constr. Corp. v White Plains Hous. Auth.,* 275 AD2d 347; *Tri-State Aluminum Prods. v Paramount Macaroni Mfg. Co.,* 247 AD2d 606). In any event, the damages, even as reduced by the Supreme Court, deviate materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]).

The plaintiffs' remaining contention is academic. Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.