■ MICHAEL B. GRIECO, Appellant-Respondent, v PHILIP GALASSO, Respondent-Appellant. [747 NYS2d 120]

The plaintiff, Michael B. Grieco, is a long-time resident of and a successful surgeon in Glen Cove. While he and his now former wife were separated and the wife was living with the defendant Philip Galasso, Galasso affixed professionally made 3 feet x 4 feet billboard-style signs to his vehicle which read, "Dr. Grieco earns nearly $700,000 in this community yet refuses to pay child support." Galasso parked his vehicle in a highly visible parking lot near where Grieco worked, and also drove the vehicle in the area. At the time, Grieco had custody of the two children, but one child had left to live with the wife.

The jury found in favor of Grieco, awarding compensatory and punitive damages. Grieco now appeals, and Galasso cross-appeals, from an order of the Supreme Court which granted Galasso's motion to set aside the verdict and for a new trial to the extent of granting a new trial on the issue of damages unless Grieco only agreed to reduced damage awards. We affirm.

Contrary to Galasso's contention, the Supreme Court properly determined that, as a matter of law, a reasonable reader would have understood the complained-of statement to be one of fact, not opinion (see Letter Carriers v Austin, 418 US 264; Millus v Newsday, Inc., 89 NY2d 840, cert denied 520 US 1144; Steinhilber v Alphonse, 68 NY2d 283). Thus, the Supreme Court correctly denied Galasso's motion to set aside the verdict on such ground. Further, under the circumstances presented, the burden was on Galasso to prove the statement true, not on Grieco to prove the statement false (see Dun & Bradstreet v Greenmoss Bldrs., 472 US 749; Bounds v Mutual of Omaha Ins. Co., 37 AD2d 1008; 2 PJI3d 160 [2002 Supp]; PJI3d 3:33 [2002 Supp]). Finally, the Supreme Court properly declined to

submit the issue of Galasso's defense of truth to the jury (*see Carter v Visconti,* 233 AD2d 473; *Kadish v Dressner,* 86 AD2d 622, 623). Galasso presented no evidence that Grieco was in violation of any court order or agreement to pay child support, or that Grieco was otherwise failing to support his children.

However, we agree that, to the extent indicated by the trial court, the award of compensatory damages deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Wolosin v Campo,* 256 AD2d 332), and that the award of punitive damages was excessive (*see Suffolk Sports Ctr. v Belli Constr. Corp.,* 241 AD2d 546).

Galasso's remaining contentions lack merit. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.