◼ CARRIE IANNACCONE, Respondent-Appellant, v 21ST CENTURY OPEN MRI, P.C., et al., Appellants-Respondents. [777 NYS2d 315]—In an action, inter alia, to recover damages for defamation, the defendants appeal, as limited by their brief, from so much of (1) a judgment of the Supreme Court, Rockland County (Weiner, J.), dated August 14, 2002, as, upon a jury verdict, is in favor of the plaintiff and against them in the sums of $100,000 in compensatory damages and $200,000 in punitive damages, (2) a first amended judgment of the same court entered August 22, 2002, as, upon the jury verdict, is in favor of the plaintiffs

and against them in the sums of $100,000 in compensatory damages and $200,000 in punitive damages and dismissed their counterclaims, (3) an order of the same court entered September 3, 2002, as denied their motion to vacate the judgment and the first amended judgment as inconsistent with the jury verdict, and (4) an order of the same court dated April 7, 2003, as denied those branches of their motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict as legally insufficient and as against the weight of the evidence, and the plaintiff cross-appeals from so much of the order dated April 7, 2003, as directed a new trial on the issue of damages unless the parties stipulated to reduce the compensatory damages from the sum of $100,000 to the sum of $35,000 and punitive damages from the sum of $200,000 to the sum of $50,000.

Ordered that the appeal from the judgment dated August 14, 2002, is dismissed, without costs or disbursements, as that judgment was superseded by the first amended judgment entered August 22, 2002; and it is further,

Ordered that the first amended judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered September 3, 2002, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 7, 2003, is modified by deleting therefrom the sum of $50,000 and substituting therefor the sum of $100,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly dismissed the defendants' counterclaims. The defendants' evidence was not sufficient to establish that the plaintiff either breached her obligations of good faith and loyalty or committed conversion (*cf. Hussey v Leggio Agency,* 299 AD2d 690 [2002]; *Mega Group v Halton,* 290 AD2d 673 [2002]).

The Supreme Court also properly denied those branches of the defendants' motion which were to set aside the jury verdict as legally insufficient and against the weight of the evidence. Contrary to the defendants' contentions, a valid line of reasoning existed for the jury's determination that the defendant Allan Rubin acted with malice when he made the alleged defamatory statements about the plaintiff (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). Furthermore, the jury determination that Rubin acted with malice was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]).

The awards of compensatory damages and punitive damages were excessive. However, as to punitive damages, the award should have been reduced from the sum of $200,000 to the sum of $100,000 (*see* CPLR 5501 [c]; *Grieco v Galasso,* 297 AD2d 659 [2002]; *Capolino Constr. Corp. v White Plains Hous. Auth.,* 275 AD2d 347 [2000]).

The defendants' remaining contentions are without merit. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.