■ CASS VANINI, Respondent, v RAMTOL SERVICE CORP. et al., Appellants, and ALICIA WARBURTON, Respondent. [801 NYS2d 589]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered on or about September 13, 2004, which, upon a jury verdict finding defendants Ramtol Service Corp. and George G. Rombaoa 80% responsible for plaintiff's harm, inter alia, directed that judgment be entered against those defendants, and, upon the grant of plaintiff's motion to set aside the jury's award of damages as inadequate, increased such award from $15,000 to $60,000, unanimously modified, on the law, plaintiff's motion to set aside the verdict denied, the verdict reinstated in its entirety, and otherwise affirmed, without costs.

Plaintiff was injured when, while bicycle riding, he collided with the door of a taxicab owned and operated by defendants-appellants, that had been opened to discharge a passenger. Following trial, the jury concluded that the taxi defendants were 80% responsible for the accident, that plaintiff was 20% liable and that the passenger, defendant Warburton, was not at fault. The jury then awarded plaintiff an amount for lost earnings, plus $10,000 for past pain and suffering and nothing for future pain and suffering. The trial court thereafter granted plaintiff's motion to set aside the jury's award as to damages as inadequate and increased that award to $60,000, subject to a 20% reduction by reason of the jury's comparative negligence assessment. The jury's award, however, should not have been disturbed since the evidence, fairly considered, permitted the jury to decide the case as it did, both as to liability and damages (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). With respect to damages, we note that the evidence showed that plaintiff's clavicle fracture had healed and that there was no medical proof to support a claim of permanent or residual impairment. In any event, if the jury's verdict were to be set aside for inadequacy, appellants would remain entitled to a jury determination on the issue of damages. The trial court was not authorized "absolutely and unconditionally, to increase the verdict, rather than directing a new trial on the issue of such damages only unless defendant stipulated to the increased amount" (*Bensalem v Royal-Pak Sys.*, 228 AD2d 363, 363 [1996]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.