█ LESZEK ZUKOWSKI et al., Appellants, v YURY GOKHBERG et al., Defendants, and V & V CONSTRUCTION CORPORATION, Respondent. (And a Third-Party Action.) [819 NYS2d 287]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated September 30, 2004, which, after a jury trial at which a verdict was rendered in their favor and against the defendants awarding, inter alia, the principal sums of $600,000 for future pain and suffering and $120,000 for future medical expenses, granted that branch of the motion of the defendant V & V Construction Corporation which was pursuant to CPLR 4404 (a) to reduce the verdict as to damages as excessive to the extent of reducing the verdict as to future pain and suffering to the principal sum of $200,000 and reducing the verdict as to future medical expenses to the principal sum of $20,000.

Ordered that the order is modified, on the law, by deleting the provisions thereof reducing the verdict as to damages for future pain and suffering and future medical expenses and substituting therefor a provision granting a new trial on the issue of those damages, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for future pain and suffering from the

principal sum of $600,000 to the principal sum of $200,000, and the amount of damages for future medical expenses from the principal sum of $120,000 to the principal sum of $20,000; as so modified, the order is affirmed, with costs to the respondent.

Contrary to the plaintiffs' contention, the damage awards for future pain and suffering and future medical expenses, as reduced by the Supreme Court, are supported by the evidence in the record and do not deviate materially from what would be reasonable compensation for the injuries of the plaintiff Leszek Zukowski (*see* CPLR 5501 [c]; *see generally Conte v City of New York*, 300 AD2d 430 [2002]; *Stylianou v Calabrese*, 297 AD2d 798 [2002]; *Garcia v Spira*, 273 AD2d 57 [2000]; *Almada v Long Is. Light. Co.*, 246 AD2d 563 [1998]; *Torres v City of New York*, 235 AD2d 416 [1997]).

However, it was procedurally improper for the Supreme Court to reduce the award of damages for future pain and suffering and future medical expenses without granting a new trial on those issues unless the plaintiffs stipulated to reduce the verdict (*see* CPLR 4404 [a]; *McNeil v MCST Preferred Transp. Co.*, 301 AD2d 579 [2003]; *Santiago v New York City Health & Hosps. Corp.*, 278 AD2d 220 [2000]; *Anderson v Stephen M. Donis, D.P.M., P.C.*, 150 AD2d 414 [1989]). Therefore, the order has been modified accordingly. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.