■ MONROE YALE MANN, Respondent, v BERNARD ABEL et al., Appellants, et al., Defendants. [830 NYS2d 586]—In an action to recover damages for libel, the defendants Bernard Abel and Westmore News, Inc., appeal from a judgment of the Supreme Court, Westchester County (Jamieson, J.), entered November 4, 2005, which, upon the denial of that branch of their motion pursuant to CPLR 4401, made at the close of the plaintiff's case, which was to dismiss the complaint insofar as asserted against them for failure to establish a prima facie case, and upon a jury verdict, is in favor of the plaintiff and against the defendant Westmore News, Inc., in the principal sums of $75,000 for compensatory damages and $15,000 for punitive damages, and against the defendant Bernard Abel in the principal sum of $15,000 for punitive damages.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, the claim for punitive damages is dismissed, and a new trial is granted on the issue of compensatory damages against the defendant Westmore News, Inc., only unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to compensatory damages as against the defendant Westmore News, Inc., from the sum of $75,000 to the sum of $15,000, and to the entry of an appropriate amended judgment; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the appellants' contentions, the jury's finding that the plaintiff was defamed, and that he was entitled to compensatory damages, could have been reached on a fair interpretation of the evidence (*see Gross v New York Times Co.*, 82 NY2d 146 [1993]; *Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Iannaccone v 21st Century Open MRI, P.C.*, 8 AD3d 233

[2004]; *Grieco v Galasso*, 297 AD2d 659 [2002]). However, there was no basis to award punitive damages. Furthermore, the amount of the compensatory damage award was excessive to the extent indicated herein (*see* CPLR 5501; *Iannaccone v 21st Century Open MRI, P.C., supra; Grieco v Galasso, supra*). We note that the Supreme Court erred in awarding interest on the damage award from the date of the injury to the date of the verdict (*see Rupert v Sellers*, 65 AD2d 473, 489-490 [1978], *affd* 50 NY2d 881, 883 [1980], *cert denied* 449 US 901 [1980]).

The appellants' remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.