■ JOANNE PERRIN et al., Respondents, v RADHA SYED et al., Defendants, and RICHMOND OB/GYN ASSOCIATES, P.C., Appellant. [875 NYS2d 563]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Richmond OB/Gyn Associates, P.C., appeals from so much of an amended judgment of the Supreme Court, Richmond County (Maltese, J.), dated February 4, 2008, as, upon a jury verdict on the issue of damages finding that the plaintiff Joanne Perrin sustained damages in the principal sum of $0, and upon an order of the same court dated November 25, 2007, granting that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict as to damages and increasing the award of damages from the principal sum of $0 to the principal sum of $25,000, is in favor of the plaintiffs and against it in the principal sum of $25,000.

Ordered that on the Court's own motion, the notice of appeal from a judgment of the same court dated January 15, 2008, is deemed a premature notice of appeal from the amended judgment dated February 4, 2008 (*see* CPLR 5520 [c]).

Ordered that the amended judgment is reversed insofar as appealed from, on the law, with costs, and a new trial is granted on the issue of damages only, unless, within 30 days after service upon the appellant of a copy of this decision and order, the appellant shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to increase the verdict as to damages from $0 to $25,000; in the event the appellant so stipulates, then the amended judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against, among others, the de-

fendant Radha Syed and the appellant professional corporation. After trial, the jury returned a verdict finding no departures by Syed, but finding that an employee of the appellant departed from good and accepted medical practice by discharging the plaintiff Joanne Perrin (hereinafter the injured plaintiff) from the hospital without a prescription for a full course of Flagyl, an antibiotic. The jury also found that such departure was a substantial factor in causing a recurrence of C. difficile colitis (hereinafter C. diff colitis), an infection which had occurred during the injured's plaintiff's hospital stay. As a result of this recurrence, for approximately two weeks after her discharge, the injured plaintiff sustained frequent and severe bouts of diarrhea, along with nausea and vomiting. The jury, however, declined to award the plaintiffs any damages upon its finding of liability.

The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict against the appellant on the issue of damages seeking either additur or a new trial on that issue. The court granted that branch of the motion which was to set aside the verdict on the issue of damages, but rather than grant a new trial on damages unless the appellant stipulated to an increase in the award, the court increased the award from the principal sum of $0 to the principal sum of $25,000. We reverse the amended judgment insofar as appealed from.

The Supreme Court improperly set aside the verdict and increased the award of damages without granting a new trial on that issue unless the appellant stipulated to the increased verdict (*see* CPLR 4404 [a]; *Leger v Chasky*, 55 AD3d 564, 565-566 [2008]; *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]; *Vanini v Ramtol Serv. Corp.*, 22 AD3d 232, 233 [2005]; *Barcliff v Brooklyn Hosp.*, 212 AD2d 562, 564 [1995]).

Notwithstanding the procedural error, however, contrary to the appellant's contention, the injured plaintiff's injuries were not de minimis, and the jury's award of damages in the principal sum of $0 deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *see generally Lamb v Babies 'R' Us*, 302 AD2d 368 [2003]; *Beverly H. v Jewish Hosp. & Med. Ctr. of Brooklyn*, 135 AD2d 497 [1987]). Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.