■ MARGARET WALSH, Respondent, v CAROL BROWN et al., Appellants, et al., Defendants. [898 NYS2d 250]—

In an action to recover damages for medical malpractice, the defendants Carol Brown and Memorial Hospital for Cancer and Allied Diseases-Sloan Kettering Institute appeal from (1) an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 16, 2009, which granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages for future pain and suffering and to increase the award of damages for future pain and suffering from the principal sum of $0 to the principal sum of $150,000, and denied their cross motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law or, alternatively, to set aside, as excessive, the jury verdict on the issue of damages in the principal sum of $750,000 for past pain and suffering, and (2) a judgment of the same court entered August 3, 2009, which, upon the jury verdict on the issues of liability and damages and upon the order, is in favor of the plaintiff and against them the principal sum of $900,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages for future pain and suffering and to increase the award of damages for future pain and suffering from the principal sum of $0 to the principal sum of $150,000 is denied, that branch of the appellants' cross motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages for past pain and suffering is granted, the order is modified accordingly, and a new trial is

granted on the issue of damages for past pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $750,000 to the principal sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the order is modified accordingly. The findings of fact on the issue of liability are affirmed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The appellants' contention that the plaintiff's expert, a board-certified obstetrician/gynecologist surgeon, was unqualified to give an expert opinion on the standard of care of an obstetrician/gynecologist oncologist surgeon merely because he was not an oncologist, is without merit. A physician need not be a specialist in a particular field in order to qualify as a medical expert (see Bodensiek v Schwartz, 292 AD2d 411 [2002]; Erbstein v Savasatit, 274 AD2d 445 [2000]). Rather, any alleged lack of knowledge in a particular area of expertise is a factor to be weighed by the trier of fact that goes to the weight of the testimony (see Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831 [2005]).

The Supreme Court properly denied that branch of the appellants' cross motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law. A valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Lalanne v Nyack Hosp., 45 AD3d 645, 646 [2007]).

However, the Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages for future pain and suffering, as that award was not against the weight of the evidence (see DeVito v Oi Ying Ho, 25 AD3d 750 [2006]). Moreover, it was error for the Supreme Court to enter a judgment increasing the award of damages for future pain and suffering without granting a new trial on that issue unless the ap-

pellants stipulated to increase the verdict (see CPLR 4404 [a]; *Perrin v Syed*, 60 AD3d 924, 925 [2009]; *Leger v Chasky*, 55 AD3d 564, 565-566 [2008]; *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]).

The amount of damages awarded by the jury for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.