■ EZIEKIL FREDERIC, Respondent, v CITY OF NEW YORK et al., Appellants. [985 NYS2d 914]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Martin, J.), dated April 3, 2012, which, upon a jury verdict, inter alia, awarding the plaintiff the principal sums of $300,000 for past pain and suffering, $150,000 for future pain and suffering, and $1,000,000 for punitive damages against the defendant Patrick Fallon, and upon an order of the same court dated December 22, 2011, denying their motion pursuant to

CPLR 4404 to set aside the verdict and for judgment as a matter of law or to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the award of punitive damages; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of punitive damages against the defendant Patrick Fallon, unless, within 30 days after service upon him of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict awarding punitive damages against the defendant Patrick Fallon from the principal sum of $1,000,000 to the principal sum of $150,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff alleges that he was incarcerated for more than 24 hours after a routine traffic stop, that the defendant Police Officer Patrick Fallon used excessive force upon him by spraying him with pepper spray while he was in handcuffs and awaiting transport to a hospital by ambulance, and that Officer Fallon picked him up by his thumbs. At trial, evidence was admitted that the ligament in the plaintiff's right thumb was injured, resulting in a permanent instability, and that he suffered from chronic post-traumatic stress disorder as a result of the incident.

The defendants contend that the plaintiff's counsel made certain inflammatory and prejudicial comments in his summation which warrant a new trial. However, counsel is afforded wide latitude in summation to characterize and comment on the evidence (*see Selzer v New York City Tr. Auth.*, 100 AD3d 157, 163 [2012]; *Cerasuoli v Brevetti*, 166 AD2d 403 [1990]). Further, defense counsel did not timely object to certain comments or request curative instructions (*see People v Ambers*, 115 AD3d 671 [2014]; *Matter of Roman v Goord*, 11 AD3d 858 [2004]; *Lind v City of New York*, 270 AD2d 315 [2000]), and waited until the jury was deliberating to request relief in the form of a mistrial. The alleged errors, to the extent that they were properly preserved for appellate review, were insufficient to warrant a mistrial.

An award of punitive damages is warranted where the defendant's conduct evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere

carelessness, or where the conduct constitutes willful or wanton negligence or recklessness (*see Brown v Maple3, LLC*, 88 AD3d 224, 235 [2011]). Here, the weight of the credible evidence supports an award of punitive damages against Officer Fallon, however, under the circumstances, the award for punitive damages is excessive to the extent indicated (*see Rodriguez v Valentine*, 20 AD3d 558 [2005]; *Byrd v New York City Tr. Auth.*, 172 AD2d 579 [1991]).

The defendants' remaining contentions are without merit. Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.