■ SHANNON REILLY, an Infant, by Her Parents and Natural Guardians, DANI ANN REILLY, et al., Respondents-Appellants, v ST. CHARLES HOSPITAL AND REHABILITATION CENTER, Appellant-Respondent. [40 NYS3d 118]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered January 31, 2014, which, upon remittitur from this Court by decision and order dated February 22, 2011 (see Reilly v Ninia, 81 AD3d 913 [2011]), upon a jury verdict finding it at fault for injuries sustained by the plaintiff Shannon Reilly and awarding damages to that plaintiff, and upon an order of the same court dated September 13, 2013, denying those branches of its motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, for a new trial on the ground, inter alia, that the verdict on the issue of liability was contrary to the weight of the evidence and in the interest of justice, and granting those branches of the motion which were to set aside, as excessive, the verdict on the issue of damages only to the extent of reducing the principal sums of damages awarded for (a) future medical care from $382,371 for a period of 55 years to $236,374.80 for a period of 34 years, (b) future medications from $2,279,185 for a period of 55 years to $1,408,950.80 for a period of 34 years, (c) future physical and occupational therapy from age 21 from $3,566,599 for a period of 44 years to $1,864,358.60 for a period of 23 years, (d) future speech therapy from age 21 from $1,188,864 for a period of 44 years to $621,450.70 for a period of 23 years, (e) future medical equipment from $1,114,082 for a period of 55 years to $688,705.30 for a period of 34 years, (f) future medical supplies from $826,684 for a period of 55 years to $511,041.03 for a period of 34 years, (g) future loss of earning capacity from $5,462,330 to $4,400,000, (h) past pain and suffering from $10,000,000 to $400,000, and (i) future pain and suffering from $82,500,000 to $6,500,000, is in favor of the plaintiffs and against it, and the plaintiffs cross-appeal, as limited by their brief, on the ground of inadequacy, from stated portions of the same judgment.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof awarding damages for future medical care, future

medications, future physical and occupational therapy from age 21, future speech therapy from age 21, future medical equipment, future medical supplies, future loss of earning capacity, past pain and suffering, and future pain and suffering; as so modified, the judgment is affirmed, those branches of the defendant's motion pursuant to CPLR 4404 (a) which were to set aside, as excessive, so much of the jury verdict as awarded the plaintiff Shannon Reilly damages in the principal sums of $3,566,599 for a period of 44 years for future physical and occupational therapy from age 21, $1,188,864 for a period of 44 years for future speech therapy from age 21, and $5,462,330 for future loss of earning capacity are denied, so much of the jury verdict as awarded those sums for those damages is reinstated, the order dated September 13, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages for future medical care, future medications, future medical equipment, future medical supplies, past pain and suffering, and future pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the principal sums of damages awarded for (a) future medical care from $382,371 for a period of 55 years to $105,452 for a period of 34 years, (b) future medications from $2,279,185 for a period of 55 years to $1,668,991 for a period of 55 years, (c) future medical equipment from $1,114,082 for a period of 55 years to $719,506 for a period of 34 years, (d) future medical supplies from $826,684 for a period of 55 years to $533,898 for a period of 34 years, (e) past pain and suffering from $10,000,000 to $750,000, and (f) future pain and suffering from $82,500,000 to $3,500,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, the judgment, as so reduced, modified, and amended, is affirmed, without costs or disbursements; in the event that the plaintiffs do not so stipulate, an appropriate amended judgment shall be entered following the new trial on issue of damages for future medical care, future medications, future medical equipment, future medical supplies, past pain and suffering, and future pain and suffering.

The contention of the defendant, St. Charles Hospital and Rehabilitation Center (hereinafter the hospital), that the jury's verdict at a prior trial of this action in favor of the attending obstetrician Jerry G. Ninia (*see Reilly v Ninia*, 81 AD3d 913 [2011]) precluded a retrial of the action insofar as asserted against the hospital or, alternatively, precluded the introduc-

tion of certain evidence, or theories, of causation against the hospital at the retrial is without merit (*see Buechel v Bain*, 97 NY2d 295, 304 [2001]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Laramie Springtree Corp. v Equity Residential Props. Trust*, 38 AD3d 850 [2007]; *cf. Kret v Brookdale Hosp. Med. Ctr.*, 93 AD2d 449 [1983], *affd* 61 NY2d 861 [1984]).

The hospital did not timely object to many of the allegedly improper remarks made by the plaintiffs' counsel, or request curative instructions (*see Frederic v City of New York*, 117 AD3d 899, 900 [2014]). To the extent the hospital's contention is preserved, we find that the Supreme Court providently exercised its discretion in denying that branch of the hospital's motion which was pursuant to CPLR 4404 (a) for a new trial in the interest of justice (*see Lariviere v New York City Tr. Auth.*, 131 AD3d 1130 [2015]; *Frederic v City of New York*, 117 AD3d 899 [2014]; *Jun Suk Seo v Walsh*, 82 AD3d 710 [2011]).

Turning to the issue of damages, it was procedurally improper for the Supreme Court to enter a judgment reducing the awards for future medical care, future medications, future physical and occupational therapy from age 21, future speech therapy from age 21, future medical equipment, future medical supplies, future loss of earning capacity, past pain and suffering, and future pain and suffering without granting a new trial on those issues unless the plaintiffs stipulated to reduce the verdict (*see* CPLR 4404 [a]; *Walsh v Brown*, 72 AD3d 806, 807-808 [2010]; *Perrin v Syed*, 60 AD3d 924, 925 [2009]; *Leger v Chasky*, 55 AD3d 564, 565-566 [2008]; *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]).

As to the merits of the Supreme Court's damages reductions, the court properly concluded that the awards for future medical care, future medical equipment, and future medical supplies were excessive, as such awards were, in part, duplicative of the award for the cost of a supervised living center from age 44 (*see Eccleston v New York City Health & Hosps. Corp.*, 266 AD2d 426, 428 [1999]; *Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 783 [1998]; *Bermeo v Atakent*, 241 AD2d 235, 239 [1998]). In reducing these awards, however, the court improperly averaged the annual costs, rather than relying on the inflation-adjusted figures submitted into evidence by the parties. We have recalculated the proposed reductions based on the economic evidence contained in the record.

Conversely, the Supreme Court erred in reducing the awards for future physical and occupational therapy from age 21, future speech therapy from age 21, and future medications, as

the record evidence established that those awards were not duplicative, in part, of the award for the future cost of a supervised living center from age 44. Therefore, the jury's awards for future physical and occupational therapy from age 21 and future speech therapy from age 21 must be reinstated. As for the jury's award for future medications, however, we agree with the hospital that the award deviated materially from what would be reasonable compensation and is excessive to the extent indicated (*see* CPLR 5501 [c]).

Moreover, the awards for past and future pain and suffering also deviated materially from what would be reasonable compensation and are excessive to the extent indicated (*see Eun Sook Maing v Po Ching Fong*, 71 AD3d 1077, 1077 [2010]; *Flaherty v Fromberg*, 46 AD3d 743 [2007]; *Santiago v New York City Health & Hosps. Corp.*, 278 AD2d 220 [2000]; *Royal v Booth Mem. Med. Ctr.*, 270 AD2d 243 [2000]).

We agree with the plaintiffs that the jury's award of $5,462,330 for future loss of earning capacity over 39 years, which was based on the economic evidence submitted by the plaintiffs' expert, was not speculative and did not deviate materially from what would be reasonable compensation (*see Paek v City of New York*, 28 AD3d 207 [2006]). The jury's award for future loss of earning capacity must therefore be reinstated (*see Chazon v Parkway Med. Group*, 168 AD2d 660, 662-663 [1990]).

The hospital's remaining contentions are without merit. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.