Nieves v Clove Lakes Health Care & Rehabilitation, Inc. (2020 NY Slip Op 00422)





Nieves v Clove Lakes Health Care & Rehabilitation, Inc.


2020 NY Slip Op 00422


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2017-03503
 (Index No. 104087/11)

[*1]Rose Nieves, etc., respondent, 
v
Clove Lakes Health Care and Rehabilitation, Inc., appellant.


Caitlin Robin & Associates, PLLC, New York, NY, for appellant.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, wrongful death, and violations of Public Health Law § 2801-d, the defendant appeals from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), entered February 14, 2017. The judgment, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $1,102,000.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issues of liability and damages.
The plaintiff's decedent, a 73-year-old woman who suffered from several medical conditions, including Alzheimer's dementia, hemiparesis following a stroke, and a rectovaginal fistula, was a resident of the defendant residential health care facility from January 12, 2011, to February 8, 2011. When she was admitted to the facility, the decedent was assessed as having a high risk of falling, and interventions were put in place for fall prevention, including a personal alarm device. On the evening of February 7, 2011, the decedent was placed in a wheelchair and stationed in the hallway across from the nurses' station. She was in full view of the nurses' station, where she was observed by at least one nurse. However, after several minutes, the decedent got up from her wheelchair and, within seconds, she fell.
The decedent was transferred to a hospital in the early morning hours of February 8, 2011. Surgery was performed, and the decedent was released to another residential health care facility on February 24, 2011. On March 8, 2011, she was admitted to the hospital where it was determined that she had hemorrhaged from the wall of the rectovaginal fistula. She went into cardiac arrest in the emergency room and died on the morning of March 9, 2011.
On October 31, 2011, the plaintiff, the decedent's daughter, commenced this action, inter alia, to recover damages for negligence, wrongful death, and deprivation of rights pursuant to Public Health Law § 2801-d, which provides that a residential health care facility is liable to a patient for injury caused by the deprivation of a right conferred by contract, statute, regulation, or rule. The plaintiff alleged that the decedent sustained certain injuries while in the defendant's care and that these injuries ultimately caused her death.
The matter proceeded to a jury trial. The jury found that the defendant was negligent and the defendant's negligence was a proximate cause of the decedent's injuries. The jury also found that the defendant had violated Public Health Law § 2801-d and, thus, deprived the decedent of certain rights and benefits created or established for her well-being, and that the violation of Public Health Law § 2801-d was a substantial factor in bringing about the decedent's injuries. The jury awarded the plaintiff the principal sums of $400,000 for deprivation of rights pursuant to Public Health Law § 2801-d, $400,000 for pain and suffering, $200,000 for loss of services, $100,000 for medical expenses, and $2,000 for funeral expenses. The Supreme Court denied the defendant's motion to set aside the verdict as contrary to the weight of the evidence and as excessive. The defendant appeals from the ensuing judgment in favor of the plaintiff and against it in the principal sum of $1,102,000. We reverse.
The defendant contends that it was deprived of a fair trial because the plaintiff's counsel made numerous improper and inflammatory comments in summation. The defendant's contentions as to certain comments are unpreserved for appellate review (see Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 694; Frederic v City of New York, 117 AD3d 899, 900). However, to the extent that the defendant's contentions are preserved for appellate review, we conclude that the remarks were so prejudicial as to deprive defendant of a fair trial (see Ortiz v Jaramillo, 84 AD3d 766; Rodriguez v City of New York, 67 AD3d 884, 885-886).
"[L]itigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Rodriguez v City of New York, 67 AD3d at 886; see Ortiz v Jaramillo, 84 AD3d 766). "The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury" (Rodriguez v City of New York, 67 AD3d at 885; see Huff v Rodriguez, 64 AD3d 1221, 1223).
Here, during summation, the plaintiff's counsel improperly appealed to the passion of the jurors by characterizing the defendant as a "corporation" that has "two lawyers," a "tech person," "general counsel," and "video people." Counsel also improperly accused the defendant of willfully depriving the plaintiff of evidence that would have been harmful to the defendant's case, accused the defendant's witnesses of having "changed" their testimony after their depositions or pretrial affirmations, which were not in evidence, "because they saw that they couldn't win," and improperly argued that the defendant failed to call certain witnesses, who were not under the defendant's control. Thus, "the comments of the plaintiff['s] counsel . . . were not isolated, were inflammatory, and were unduly prejudicial. These prejudicial comments so tainted the proceedings as to have deprived the defendant . . . of a fair trial" (Ortiz v Jaramillo, 84 AD3d 766, 766; see Rodriguez v City of New York, 67 AD3d at 885-886; Brooks v Judlau Contr., Inc., 39 AD3d 447, 449, revd on other grounds 11 NY3d 204; Vassura v Taylor, 117 AD2d 798).
In light of the foregoing, we do not reach the defendant's remaining contentions.
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Richmond County, for a new trial on the issues of liability and damages.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court