Hiciano v Benson (2020 NY Slip Op 07277)





Hiciano v Benson


2020 NY Slip Op 07277


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 20271/13E Appeal No. 12550 Case No. 2020-00984 

[*1]Zobeida Hiciano, Plaintiff-Respondent,
v
Barry D. Benson et al., Defendants, Tremont Electric Co., Inc., Defendant-Appellant.


Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Robert A. Suarez of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 9, 2019, which granted plaintiff's posttrial motion to set aside the jury's apportionment of fault, and for additur with respect to the jury's awards for pain and suffering and loss of enjoyment of life, to the extent that it ordered a new trial unless defendants accepted allocation of 50% fault to both plaintiff and defendants as well as awards of $900,000 for past, and $900,00 for future, pain and suffering, unanimously reversed, on the law and facts, without costs, and the verdict reinstated.
The jury's apportionment of 65% fault to plaintiff and 35% fault to defendants was not [*2]against the weight of the evidence where, at the time of the accident, both plaintiff and the driver of the vehicle were in violation of the Vehicle and Traffic Law, neither plaintiff nor the driver saw each other despite having unobstructed views, the driver had begun the process of parallel parking, angling the vehicle in reverse at a 30- to 45-degree angle to the right, and plaintiff, who was jaywalking, walked behind the back of the vehicle from the left (see e.g. Stewart v Manhattan & Bronx Surface Tr. Operating Auth., 60 AD3d 445, 445-446 [1st Dept 2009]; see generally CPLR 4404[a]; Bun Sin Lee v Pathmark Stores, 1 AD3d 219, 219 [1st Dept 2003]). The jury's awards for pain and suffering and loss of enjoyment of life ($100,000 past and $50,000 future) did not deviate substantially from what would constitute reasonable compensation for plaintiff's injuries where the jury could have reasonably found that the only injuries plaintiff sustained as a result of the accident were a right radial head fracture that healed without residual impairment or pain, and a sprain or strain of the lumbar spine (see e.g. Vanini v Ramtol Serv. Corp., 22 AD3d 232, 233 [1st Dept 2005]; Park v City of New York, 70 AD3d 406, 406 [1st Dept 2010]; Pinkowski v Fuller, 5 AD3d 907, 909 [3d Dept 2004]; see generally CPLR 5501[c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020